**Oliver BROWN et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF TOPEKA,**
**Shawnee County, KANSAS, et al.,**
**Defendants.**

**Civ. A. No. T–316.**

United States District Court
D. Kansas.

Oct. 28, 1955.

---

3. 8 C.F.R. Section 236.11; cf. Section 235.15(c) (e).

John Scott, Charles Scott, Topeka, Kan., Robert L. Carter, Jack Greenberg, New York City, Charles E. Bledsoe, Topeka, Kan., and Thurgood Marshall, New York City, for plaintiffs.

George Brewster, Lester Goodell, James Porter, Topeka, Kan., and Harold R. Fatzer, Atty. Gen., Willis H. Mc-Queary and Chas. H. Hobart, Asst. Attys. Gen., for defendants.

Before HUXMAN, Circuit Judge, MELLOTT, Chief Judge, and HILL, District Judge.

PER CURIAM.

On August 2, 1955, the plaintiffs in the above entitled cause filed a motion for a hearing on the formulation of a decree and judgment in this cause. The matter was set down for hearing on August 24, 1955, at Topeka, Kansas. At that time, the parties appeared in person and by their attorneys. A hearing was held, the subject of which was whether the Board of Education had fully complied with the order of the Supreme Court in this cause dated May 31, 1955. 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

A full hearing was accorded the parties. Evidence was received and arguments were heard by the respective attorneys. The Board of Education submitted the plan put in force for the current school year to bring about desegregation. No useful purpose would be accomplished by setting out the plan in detail. The Superintendent of the Public School System of Topeka, with commendable candor, gave it as his opinion that the plan adopted for the current school year did not fully accomplish desegregation. The central principle of the plan is that hereafter, except in exceptional circumstances, school children irrespective of race or color shall be required to attend the school in the district in which they reside and that color or race is no element of exceptional circumstances warranting a deviation from this basic principle.

There are a number of respects in which we feel that the plan does not constitute full compliance with the mandate of the Supreme Court, but that mandate implies that some time will be required to bring that about. The elements that we feel do not constitute full compliance are mostly of a minor nature but since this is not a final decree no useful purpose would be served by setting them out herein.

The most serious objection to the present plan relates to the rule adopted, permitting children reaching kindergarten age for the first time to elect whether they will go to the school in the district in which they reside or to a school in another district. It is, of course, obvious that a child of kindergarten school age has no discretion to make an independent

or intelligent election as to where it desires to go to school and that the election in such cases is in fact the election of the parents of the child.

 The Court does not look with favor upon such a rule, but since it was stated that the rule was a temporary one having application only to the present school year and forming no part of the permanent school plan, we do not feel that it requires a present condemnation of an overall plan which shows a good faith effort to bring about full desegregation in the Topeka Schools in full compliance with the mandate of the Supreme Court. 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

It was stressed at the hearing that such schools as Buchanan are all-colored schools and that in them there is no intermingling of colored and white children. Desegregation does not mean that there must be intermingling of the races in all school districts. It means only that they may not be prevented from intermingling or going to school together because of race or color.

If it is a fact, as we understand it is, with respect to Buchanan School that the district is inhabited entirely by colored students, no violation of any constitutional right results because they are compelled to attend the school in the district in which they live.

It is the conclusion of the court that while complete desegregation has not been accomplished in the Topeka School System, a good faith effort toward that end has been made and that, therefore, the plan adopted by the Board of Education of the City of Topeka be approved as a good faith beginning to bring about complete desegregation. Jurisdiction of the cause for the purpose of entering the final decree is retained until such time as the Court feels there has been full compliance with the mandate of the Supreme Court.

It is so ordered.