Patricia Ann **HORTON** et al., Plaintiffs,

v.

The **LAWRENCE COUNTY BOARD OF EDUCATION** et al., Defendants-Appellees,

v.

**NATIONAL EDUCATION ASSOCIATION, Inc.,** Intervenor-Appellant.

No. 28813.

United States Court of Appeals,
Fifth Circuit.

May 8, 1970.

———◆———

Fred D. Gray, Solomon S. Seay, Jr., Montgomery, Ala., Oscar W. Adams, Jr., Birmingham, Ala., Norman C. Amaker, New York City, for appellant.

Albert P. Brewer, Decatur, Ala., Reid B. Barnes, Birmingham, Ala., Gene H. Lentz, Decatur, Ala., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges:

PER CURIAM:

█ This is an appeal from denial by the District Judge of a petition by the National Education Association, Inc., to intervene in this school desegregation case.[1]

█ The NEA is a nationwide professional association of teachers, and, obviously, it has members of numerous and diverse racial backgrounds, including many members both black and white from the State of Alabama. It is the parent organization of the Alabama Education Association, into which formerly all-white and all black teachers' associations were merged in 1969. NEA's petition to intervene is for the asserted purpose of protecting the rights of black teacher members who may be affected by orders of the District Court concerning faculty matters entered in the process of converting the Lawrence County

---

1. Upon consideration of the record and the brief of appellant, the appellee having filed no brief, we dispose of the case as an extraordinary matter. Rule 2, FRAP.

school system from a racially dual system to a unitary system.

In its denial the District Court observed that it had denied similar motions by groups of white parents and other groups concerned about school desegregation.

The petition does not show such interest in the NEA itself as to entitle it to intervene as a matter of right under Rule 24(a) (2), Fed.R.Civ.P., and we are not able to say that the District Judge erred in denying permissive intervention under Rule 24(b) (2).

Affirmed.