**Vivian CALHOUN et al., Plaintiffs-Appellants,**

v.

**Ed S. COOK et al., Defendants-Appellees.**

**No. 71–2622.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1971.

Howard Moore, Jr., Atlanta, Ga., Norman J. Chachkin, Jack Greenberg, New York City, for plaintiffs-appellants.

A. C. Latimer, William F. Lee, Jr., Latimer, Haddon & Stanfield, Lenwood A. Jackson, Atlanta, Ga., for defendants-appellees.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

BY THE COURT:

■■■ The district court is ordered to afford plaintiffs-appellants a reasonable opportunity to present and support an alternate and superior plan for the desegregation of the Atlanta school system, which plaintiffs indicated could be and was being developed. If such a plan is developed and presented, the court shall supplement the record now before this court with findings of fact and conclusions of law as to the viability and efficacy of all or any part of such plan, alone or in connection with the plan presently being implemented within this school system. The issue of taxation of costs and fees attributable to the development and presentation of such a plan is a matter initially committed to the sound discretion of the district court, which shall be carried with the case pending the ultimate resolution thereof.

The district court shall additionally consider and make supplementary findings of fact and conclusions of law on the wide range reevaluation of the Atlanta school system described in the paragraph of its opinion of July 28, 1971 entitled "Comment". *See* 804 F.Supp. 332. However, the court shall not delay supplementing the record, as directed next above, pending the *completion of* such wide range evaluation and the making of findings and conclusions thereon.

That portion of the opinion of the district court stating that this action shall stand dismissed on January 1, 1972, is vacated. During the next three school years the school district shall be required by the court below to file with

the district court the presently required semi-annual reports, similar to those required in United States v. Hinds County School Board, 433 F.2d 611, 618–619 (5th Cir. 1970). At the conclusion of three school years the district court should again consider whether the cause should be dismissed. In no event, however, shall the district court dismiss the action without notice to the plaintiffs below and a hearing providing opportunity to plaintiffs-appellants to show cause why dismissal of the cause should not be further delayed. *See* Wright v. Board of Public Instruction of Alachua County, Florida, 445 F.2d 1397 (5th Cir. 1971); Steele v. Board of Public Instruction of Leon County, Florida, et al., 448 F.2d 767 (5th Cir. 1971) and Youngblood v. Board of Public Instruction of Bay County, Florida, et al., 448 F.2d 770 (5th Cir. 1971).