Vivian **CALHOUN** et al., Plaintiffs-Appellants,

v.

Ed S. **COOK** et al., Defendants-Appellees.

No. 72–2453.

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1972.

Howard Moore, Jr., Elizabeth R. Rindskopf, Atlanta, Ga., Norman J. Chachkin, Jack Greenberg, James M. Nabrit, III, New York City, Benjamin W. Spaulding, Spaulding, Montgomery & Associates, Atlanta, Ga., for plaintiffs-appellants.

Warren C. Fortson, Arthur K. Bolton, Atty. Gen. of Ga., Prentiss Q. Yancey, Jr., Robert W. Beynart, Lenwood Jackson, Atlanta, Ga., for defendants-appellees.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

On October 21, 1971, this Court entered an interim order in the prior appeal of these school desegregation proceedings, 451 F.2d 583; (a) vacating the order of the district court which dismissed this action as of January 1, 1972; (b) remanding the cause for the limited purpose of allowing plaintiffs-appellants a reasonable opportunity to present and support an alternate and superior plan for desegregation of the student body of the Atlanta Public School System; and (c) providing for other and subsequent proceedings. On June 23, 1972, the district court certified to this Court its findings and conclusions which had been entered on June 8, 1972, rejecting the plan submitted by plaintiffs-appellants and again declaring the Atlanta Public School System unitary. The present appeal eventuated from this order.

As a result of a pre-hearing conference set by this Court on September 26, 1972, the parties indicated that a possibility existed for an agreed settlement of this litigation. Based upon such indication, this Court's order of October 6, 1972, was issued to authorize and guide such settlement negotiations. Although one settlement proposal was developed and filed on November 17, 1972, class representation complications negated this Court's acceptance of that proposal. Further appellate proceedings at this juncture are deemed inappropriate.

The findings and conclusions of the district court determining that the Atlanta Public School System as now operated is non-discriminatory and unitary are again vacated. This cause is RE-MANDED to the district court with directions to forthwith: (1) Hold such hearings as may be required to enable the Court to determine the present status of the class or classes in this litigation and the status of legal representation thereof under Fed.R.Civ.P. 23(d), in the light of claims now made by certain of the named plaintiffs in this Court; and (2) enter an appropriate order requiring the Atlanta Public School System to prepare and submit to the district court a comprehensive desegregation plan covering student assignments in accordance with the guidelines contained in this Court's interim order of October 6, 1972; and faculty and staff assignments in accordance with the dictates of Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5 Cir. 1970). Particular attention to teacher desegregation is required in light of announcements by counsel for the defendants-appellees in this Court that this Court's prior order on this phase of this case has never been fully implemented.

This remand shall in no wise affect the final two paragraphs of our prior mandate of October 21, 1971.

Reversed and remanded with directions.