482 F.2d 1253
 6 Fair Empl.Prac.Cas. 290, 6 Empl. Prac. Dec. P 8805
Anthony T. LEE et al., Plaintiffs, United States of America,
Plaintiff-Intervenor-Amicus Curiae,
National Education Association, Inc., Plaintiff-Intervenor-Appellant,
v.
MACON COUNTY BOARD OF EDUCATION et al.,
(Conecuh County Board of Education), Defendants-Appellees.
 No. 72-2554.
 United States Court of Appeals,
Fifth Circuit.
 July 20, 1973.
 
 Solomon S. Seay, Jr., Montgomery, Ala., for NEA.
 David L. Norman, U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Theodore E. Ravas, Jr., U. S. Dept. of Justice, Educational Section, Washington, D. C., for the United States.
 J. B. Nix, Jr., Evergreen, Ala., for Conecuh.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 The claim underlying this appeal was in the form of a wide ranging attack directed to alleged deficiencies on the part of the Conecuh County School Board in complying with the final desegregation order theretofore entered with respect to the school system. The United States and the NEA were intervenors in the desegregation case and as intervenors filed motions for supplemental relief in which the deficiencies were asserted. The NEA motion was limited to departures from the order with respect to the hiring, demotion and dismissal of black principals and teachers.
 
 
 2
 The district court after a hearing and after considering detailed reports required of the school system, entered an order denying a temporary restraining order. Only the NEA appeals. The order was tantamount to the denial of a permanent injunction in that no further proceedings were expected.
 
 
 3
 It is to be noted that only injunctive relief was sought in the district court by the NEA. It is to be noted also that no brief has been filed on behalf of the school board.
 
 
 4
 We have studied the record and the various reports filed in an effort to winnow the issues now assigned on appeal from the additional issues which were considered in the trial court at the behest of the United States. We have determined that we are unable to proceed to decision without findings of fact and conclusions of law from the district court. The case will be vacated and remanded with direction that such findings of fact and conclusions of law be made by the district court on the record as it now exists, or as supplemented in the discretion of the district court.
 
 
 5
 In Hines v. Rapides Parish School Board, 5 Cir., 1973, 479 F.2d 762, we pointed out the procedure to be followed and the conditions to be met by new groups in seeking relief in ongoing school desegregation cases. The proper procedure is to petition to intervene rather than beginning a new suit. We emphasize here what was said there: The petition for intervention should contain the precise issues which the intervenors seek to present.[1] Here, the NEA was allowed to intervene in an earlier stage of the desegregation case. The difficulty comes in the impreciseness of the issues they sought to present at the current stage of the case.
 
 
 6
 On remand, the issues to be considered will be limited to those assigned by the NEA on this appeal and which were raised in the district court. We perceive these as the following. Each issue is to be considered in the light of the authorities cited.
 
 
 7
 (1) Did the school board violate the requirements of Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211, and the order of the district court entered pursuant thereto, with respect to the claim that the board failed and refused to assign four black former principals to principalship vacancies. In this connection, see Lee v. Macon County Board of Education (Florence School System), 5 Cir., 1972, 456 F.2d 1371; Lee v. Macon County Board of Education (Muscle Shoals School System), 5 Cir., 1971, 453 F.2d 1104.
 
 
 8
 (2) Did the school board violate the requirements of Singleton, and the order of the district court entered pursuant thereto, with respect to the rights of four dismissed black teachers, Strong, Randall, White, and Peagler, in dismissing them from their teaching positions in the school system or in failing to rehire them.
 
 
 9
 (3) The additional claim asserted on appeal that the school board was required to maintain the black-white teacher ratio existing in 1968 is rejected. We made it plain in Carter v. West Feliciana Parish School Board, 5 Cir., 1970, 432 F.2d 875, that the faculty desegregation requirement of Singleton did not ". . . contemplate freezing the faculty ratio which is present when faculty desegregation takes place in the system. It contemplates rather that faculty desegregation will be accomplished by invoking the system-wide ratio as a rule for each particular school in the system and that thereafter the system will function from the standpoint of faculty and staff on the merit system." We went on to say: "This means that once a unitary system has been established the system-wide racial ratio may thereafter change from time to time as a result of non-discriminatory application of objective merit standards in the selection and composition of faculty and staff." 432 F.2d at 878-879.
 
 
 10
 In proceeding to determine these issues, the district court will be faced with a preliminary issue of overriding importance. May the NEA advance the claims in question or are they of such nature as to require their presentation only by the principals and teachers concerned, or one or more of them on behalf of the class? This question should be determined in the first instance in the district court. There was no issue in this regard in the district court, no doubt because it only vaguely appeared, if at all, that the individual claims were being advanced. There was no mention whatever that the NEA was attempting to sue for back pay and allowances for the principals and teachers. There is not even an indication that the principals and teachers are members of the NEA. On the question, cf. Smith v. Board of Education of Morrilton School District, 8 Cir., 1966, 365 F.2d 770 (J. Blackmun), where the Arkansas Teachers Association was found to have such interest as would give it standing as a member of the teacher class in a suit against the school board for discrimination against teachers where injunctive relief was sought with money damages as an alternative. Cf. also Armstead v. Sarkville Municipal Separate School District, N.D.Miss., 1971, 325 F.Supp. 560, where standing was found for the NEA, along with black teachers, to challenge teacher testing.
 
 
 11
 This question, more akin to standing, is to be distinguished from the propriety of intervention as of right or as a matter of discretion under Rule 24, F.R.Civ.P. See Horton v. Lawrence County Board of Education, 5 Cir., 1970, 425 F.2d 735; Bennett v. Madison County Board of Education, 5 Cir., 1970, 437 F.2d 554. Here the NEA was permitted to intervene generally long prior to the origination of the instant litigation. The question on remand will be the extent to which the NEA may, as an intervenor, vicariously seek vindication of the rights of others.
 
 
 12
 Vacated and remanded with direction.
 
 
 
 [1]
 We add that in such cases it would be the better practice for the district court to require a clear delineation of the contentions of intervenors as the first step in proceeding to determine the validity of the attempt to intervene or, if allowed, the merits of the claim