**Vivian CALHOUN et al., Plaintiffs-Appellants,**

v.

**Ed S. COOK et al., Defendants-Appellees.**

**No. 73-2020.**

United States Court of Appeals, Fifth Circuit.

Aug. 21, 1973.

Warren C. Fortson, Prentiss Q. Yancey, Jr., Thomas H. Ries, Benjamin W. Spaulding, Atlanta, Ga., for defendants-appellees.

Elizabeth R. Rindskopf, Howard Moore, Jr., Atlanta, Ga., Jack Greenberg, Norman J. Chachkin, James M. Nabrit, III, New York City, for Abernathy and others.

Nathaniel R. Jones, New York City, Bobby L. Hill, Atlanta, Ga., John H. Ruffin, Jr., Augusta, Ga., Samuel W. Tucker, Henry L. Marsh, III, Richmond, Va., John L. Kennedy, Atlanta, Ga., for Birt and others.

Margie Pitts Hames, Atlanta, Ga., for Armour and others.

Theo. W. Mitchell, Greenville, S. C., Charles S. Conley, Montgomery, Ala., Ernest L. Jones, New Orleans, La., for Congress of Racial Equality.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Pursuant to this court's mandate of November 24, 1972, (469 F.2d 1067) the district court, 362 F.Supp. 1249, approved a plan for the operation of the Atlanta Public School System. The approval was granted under the provisions of Fed.R.Civ.P. 23(e) as a class action compromise order. The instant appeal asserts the following errors by the court below: (1) consideration of the plan as a compromise action; (2) the procedures followed and actions taken in denying leave to intervene to three separately represented groups of Atlanta school children and the National Association for the Advancement of Colored People; (3) the procedure followed in considering the plan ordered to be implemented and in the adoption of this plan; and (4) the modification of the plan to require that all future disputes be presented to the Biracial Committee prior to presentation to the court.

This court is unable to reach the merits of this cause for lack of a fully developed district court record. The cause therefore must be remanded with directions to provide the parties an adequate opportunity for discovery and hearings at which the presentation of testimony and the right of cross-examination can be afforded. However, all children, parents, teachers and administrators in the system are faced with the opening of the 1973–74 school term on August 27, 1973. In order to maximize the educational opportunities that the system must afford to all children enrolled in the Atlanta public schools, the plan for the operation of said schools as approved in the order of the district court entered April 4, 1973, shall remain in effect pending completion by the district court of full compliance with our mandate of today.

**682**

## COMPROMISE

Since the prior appeal of this case it has become obvious that the pursuit of an agreed settlement of this class action has failed. As the district court poignantly observed, the moments of truth for this case seem to have slipped away. We are now satisfied they are irretrievable. It would serve no worthwhile purpose to pursue the various reasons why or to attempt to fix particular fault upon any of the parties or the court below for the collapse of efforts to conclude this protracted and progressively perplexing case on an agreed basis under Rule 23(e). Suffice it to say that after months of intense and sincere effort by many elements of this community, the product of such labors continues to provoke widespread and genuine controversy. In this state of affairs no plan can be approved as a valid composition of the differences being litigated.

■■ Even if this were not a class action suit, where material facts concerning the existence of an agreement to settle a judicial contest are in dispute, the entry of an order enforcing an alleged settlement agreement without a plenary hearing is improper. Massachusetts Insurance Company v. Forman, 469 F.2d 259 (5th Cir. 1972). In the present case no evidentiary hearing was ever conducted to determine that a viable compromise embodying a constitutional plan was reached. At least some of the attorneys representing the original plaintiffs assert no such compromise was made. The attempted intervenors sought to demonstrate that still other parties whom they assert are class members would object. In these circumstances the advisability of approval and the viability of the plan submitted could not properly be adjudicated on the basis of Rule 23(e).

## INTERVENTION

Three groups of students in this school system that differ from the original named plaintiffs together with a national civil rights organization sought leave to intervene. These petitions were denied on the ground that the original plaintiff class could fairly and adequately represent the views sought to be posed by the would-be intervenors. The petition of the group of students represented by the Congress of Racial Equality was also denied on the ground that the relief sought by that group would be unconstitutional, i. e., it would recreate a dual school system. These intervenors sought and were denied the right to pursue discovery or present evidence in support of their intervention rights.

Two decisions handed down by this court subsequent to the entry of the decree now on appeal control the intervention issue. In Hinds v. Rapides Parish School Board, 479 F.2d 762 [5 Cir. 1973] we held that the proper course for groups seeking to question the implementation of desegregation orders in school cases is to file a petition for intervention that would bring to the attention of the district court *"the precise issues which the new group sought to represent and the ways in which the goal of a unitary system had allegedly been frustrated."* We continued by defining the court's role after such a precise petition had been filed thus:

> The district court could then determine whether these matters had been previously raised and resolved and/or whether the issues sought to be presented by the new group were currently known to the court and parties in the initial suit. If the court determined that the issues these new plaintiffs sought to present had been previously determined or if it found that the parties in the original action were aware of these issues and completely competent to represent the interests of the new group, it could deny intervention. If the court felt that the new group had a significant claim which it could best represent, intervention would be allowed.

In Lee v. Macon County Board of Education, 482 F.2d 1253 (5 Cir. 1973) we

emphasized the absolute necessity that the petition for intervention contain such a clear delineation of the contentions of the intervenors as would remove all doubt that the court would be able to determine the validity of the attempted intervention, or, if intervention were allowed, the merits of the claim asserted.

Preciseness in reframing the issues presented by all potential intervenors in the case at bar is vital since a portion of the present intervention claims relate to charges that the compromise settlement was the product of collusion. In view of our ruling that compromise is not a proper basis for viewing the validity of this plan, no such reasons for the allowance of intervention would any longer be pertinent.

■ ■ The district court's action in refusing leave to intervene to the Congress of Racial Equality at the pleading stage on the grounds that its intervention proposal would be unconstitutional is improper for two reasons. First, further proceedings may have demonstrated that CORE would be entitled to some but not all of the relief it sought in a manner that would have kept its position from being patently unconstitutional. *See* Thompson v. Allstate Insurance Company, 476 F.2d 746 (5th Cir. 1973). Second, in any case where a ground for decision exists which does not involve constitutionality, that ground and not a constitutional issue should be the basis for adjudication. *See* Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., 479 F.2d 135 (5th Cir. 1973) [No. 72–2508, June 7, 1973].

■ Under Fed.R.Civ.P. 24(a) school children members of the plaintiff class would have a right to intervene if their interests were not adequately represented by existing parties. Even if this were not so, the court could permit intervention under Rule 24(b) if such intervention would not unduly delay or prejudice adjudication of the rights of the original parties. In any event for this court to properly review the intervention rulings of the court below, we must have before us findings based upon record evidence, which are lacking here. Without any intimation as to the merits of the decision to be made on any future petitions for leave to intervene, we vacate the district court's rulings denying leave to intervene in this case to the various parties who sought this right and remand the case for further proceedings relative to such interventions not inconsistent herewith.

## ADOPTION OF THE PLAN

On March 8, 1973, the district court heard presentations by counsel of record relating to the validity of the asserted compromise that produced the plan being tendered for adoption. Then, after published notice, on March 29, 1973 the court afforded an opportunity for "all interested parties" to appear and make unsworn comments on the plan's operation. Attempts to obtain discovery and to introduce evidence at the March 29 proceeding were denied.

■ ■ With no lack of sensitivity to the burdens imposed upon judges who are attempting to expediently conduct the business of a heavily burdened district court, such procedures cannot form the basis for adjudication of the merits of the complex issues in this litigation. A reasonable opportunity for discovery must be afforded. In addition, minimum procedural due process requires adequate notice of a hearing at which an opportunity will be afforded the parties to present sworn testimony and to cross-examine witnesses who sponsor opposing views.

■ It is unnecessary for the court now to reach or rule upon the validity of the provision of the court's order that future disputes or disagreements concerning the operation of a plan for the Atlanta School System be first presented to the court's Biracial Committee. For purposes of the present hearings on intervention and the adoption of a plan, no submission of evidence to a Biracial Committee would be proper. However, in connection with the operations of such a committee in the future, we

would call attention of the court to footnote 2 of our decision in Hines v. Rapides Parish School Board, *supra*.

## CONCLUSION

■ Any party or parties who may wish to seek leave to intervene in this action upon remand shall be required to petition for intervention with the requisite preciseness defined in Hines v. Rapides Parish School Board, *supra* and Lee v. Macon County Board of Education, *supra*. Should any such precise petitions be presented, the court shall afford the opportunity for hearings and shall make findings based upon record evidence adduced at such hearings in accordance with Fed.R.Civ.P. 24. Time being of the essence in this action, no petitions for intervention shall be filed later than 30 days from the date this court's mandate becomes final and any hearings thereon must be concluded within 30 days thereafter. Promptly after the district court determines that the class or classes of plaintiffs who are entitled to maintain this suit under Fed.R.Civ.P. 23 are adequately represented, it shall schedule times for the completion of prehearing discovery and for hearings on the merits of a plan covering student assignments in the Atlanta Public School System in accordance with the prior decisions of this court reported at 451 F.2d 583 and 469 F.2d 1067. Such hearings shall be conducted and concluded in sufficient time to enable the district court to enter a final order in this cause prior to May 1, 1974.

Should the presently pending three-judge cause of Armour, et al v. Nix, et al, (No. 16708, N.D.Ga.) be dismissed or consolidated with this cause, the district court shall separately and subsequently consider and make supplementary findings of fact and conclusions of law upon metropolitan school district consolidation as directed by the second paragraph of our prior decision reported at 451 F.2d 583 and in light of any intervening decisions by the Supreme Court of the United States.

Remanded with directions.