483 F.2d 1022
 6 Fair Empl.Prac.Cas. 487, 6 Empl. Prac. Dec. P 8879
NATIONAL EDUCATION ASSOCIATION et al., etc., Plaintiffs-Appellants,
v.
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA, et
al., etc., Defendants-Appellees.
 No. 73-2514.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 27, 1973.
 
 Solomon S. Seay, Jr., Montgomery, Ala., for plaintiffs-appellants.
 Abram L. Phillips, Jr., Mobile, Ala., for defendants-appellees.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 This appeal arises out of the Mobile School desegregation case.[1] It presents the effort of the NEA to superimpose a class action upon a pending class action.
 
 
 2
 The NEA utilized the strategy of joining with two teachers who were seeking employment in the Mobile system in bringing the action. The two teachers premised their complaint on the claim that they had teacher certificates granted by the state and were refused employment as teachers in the Mobile system although there were 69 teachers in the system with only provisional certificates. (69 out of a total of 2,559 teachers). No racial discrimination was alleged as a part of their claim. They sought a mandatory injunction to compel their employment. They were later employed as teachers in the system and the district court dismissed their complaint but with the right to amend within 15 days to seek damages or other relief. They filed no amendment, the complaint was then dismissed as to them and the NEA, and this appeal followed. As was true in the district court, they and the NEA are represented here by the same law firm. We have searched the brief, filed jointly on behalf of the teachers and the NEA, in vain for any assignment of error whatever as to the ruling with respect to the individual claims of these teachers. The part of the order of the district court dismissing as to them is therefore affirmed, and we turn to the claim of the NEA.
 
 
 3
 In the first place, we must have in mind that NEA has petitioned to intervene in the pending class action involving the Mobile school system and that petition is presently before the district court. We have recently held that the proper and orderly procedure to be followed by third parties in seeking to enter pending school cases is by a petition to intervene. See Hines v. Rapides Parish School Board, 5 Cir., 1973, 479 F.2d 762; Lee v. Macon County Board of Education (Conecuh County), 5 Cir., 1973, 482 F.2d 1253. This is all the more important in this case which is now in its second decade in the federal courts. Following reversal of this court in Mobile IX by the Supreme Court in Davis v. Board of School Commissioners of Mobile County, 1971, 402 U.S. 33, 91 S. Ct. 1289, 28 L.Ed.2d 577, the parties formulated and implemented by consent order a "Comprehensive Plan for a Unitary School System". That plan was quite specific as to the rights of faculty and staff members in the context of desegregation and racial discrimination. The plan and consent order adopted the uniform requirements of Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211 (En banc), with respect to such matters. The district court retained and has continuing jurisdiction over faculty and staff assignments; indeed, over every matter which the NEA attempts to assert in its own class action.
 
 
 4
 Without naming or purporting to represent any particular individual complainant, whether a member of the NEA or otherwise, the NEA seeks to restrain defendants from ". . . continuing to demote and/or dismiss black principals, assistant principals, band directors, athletic coaches and other black teachers solely by reason of race or color and without the application of non-racial objective criteria." Reinstatement and back pay was sought for all black personnel who had suffered this alleged treatment. It was also alleged that many persons holding the positions in question were members of the NEA. The two teacher plaintiffs were not said to be representative of the class to the specific extent of the contended unlawful treatment.
 
 
 5
 Thereafter, the NEA commenced wide ranging discovery proceedings and the district court, at the request of defendants, set the matter for hearing on the motion of defendants to dismiss. Pointing to the continuing jurisdiction of the court over the main class action and the injunction entered thereunder, and to the facts that the injunction covered all matters asserted by the NEA, and that not a single complaint had been filed with the court alleging a violation of the injunction, the court dismissed the complaint. We might add that at no time did the NEA offer the name of a single victim of the alleged violative and unlawful practices of the school board.
 
 
 6
 We pretermit any question as to requiring litigation to be brought in the name of the real party or parties in interest. Rule # 17, F.R.Civ.Procedure. Nor are we concerned with a petition to intervene. Lee v. Macon County Board of Education (Conecuh County), supra; Hines v. Rapides Parish School Board, supra. We turn, instead, to the question of standing. See Smith v. Board of Education of Morrilton School District, 8 Cir., 1966, 365 F.2d 770, for a statement of reasons to allow such an action to be brought by a Teacher Association on behalf of teachers. None of the reasons there, fear on the part of teachers to assert complaints, possible loss of interest in litigation on part of teachers after other employment obtained, right of students to integrated faculty (undisputably fully integrated here), loss of membership and financial support, are alleged here. From our long experience with and knowledge of the Mobile system, we can understand why. It would be difficult if not impossible to offer proof in support of such reasons. In addition, in Smith, there was no extant final injunction embracing the very matters alleged, as here, to constitute a new class action.
 
 
 7
 The burden on a third party to superimpose a class action on a pending class action which is in its final stages is a heavy one. We hold that it was not met here.
 
 
 8
 The claim made in the brief by plaintiffs that the plaintiff class in Davis has not protected the rights of the black teachers and staff in the Mobile system is rejected. The plaintiff class in Davis is represented by several Mobile lawyers and the NAACP Legal Defense Fund, Inc. The plaintiff class itself is representative of many groups of blacks in Mobile. It is apparent that complaints, if there are complaints, with respect to violations of the "Comprehensive Plan" and the injunctive order of the court entered pursuant thereto, could have been and may now be asserted without hindrance or let.
 
 
 9
 Affirmed.
 
 
 
 [1]
 This is Mobile XI. See Davis v. Board of School Commissioners of Mobile County, 5 Cir., 1973, 483 F.2d 1017, for reference to former appeals