Patricia Ann HORTON et al.,
Plaintiffs-Appellees,

Carl Norton et al., Plaintiffs-Intervenors,
Appellants,

v.

LAWRENCE COUNTY BOARD OF EDUCATION et al.,
Defendants-Appellees.

No. 77–2937.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1978.

Gary C. Huckaby, Huntsville, Ala., for plaintiffs-intervenors-appellants.

Solomon S. Seay, Jr., Montgomery, Ala., Oscar W. Adams, Jr., U. W. Clemon, Birmingham, Ala., Jack Greenberg, New York City, J. G. Speake, Moulton, Ala., for defendants-appellees.

J. R. Brooks, U.S. Atty., Carol Privett, Asst. U.S. Atty., Birmingham, Ala., Leigh Manasevit, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., amicus curiae for United States.

Before BROWN, Chief Judge, MORGAN and GEE, Circuit Judges.

PER CURIAM:

This appeal stems from the complaint of a group of parents in Lawrence County, Alabama, who are unhappy with the present results of pupil assignments made in compliance with the orders of this court and the district court of the Northern District of Alabama. For a history of this litigation which began some 12 years ago,[1] see the Memorandum of Decision and Order of the District Judge, *Horton v. Lawrence County Board of Education,* 320 F.Supp. 790 (N.D.Ala., 1970). This is the third appeal to this court from various rulings and orders of the district court concerning the Lawrence County School System. *See Horton v. Lawrence County Board of Education,* 425 F.2d 735 (5th Cir. 1970) and *Horton v. Lawrence County Board of Education,* 449 F.2d 793 (5th Cir. 1971). The appellants here are white citizens with children in two of the public schools in which blacks are in excess of 50% of the student body.[2] Of the 13 schools in the Lawrence County School System, three of the schools are all white. The entire public school system in Lawrence County, Alabama, is operated by the Lawrence County Board of Education. The total student enrollment in the Lawrence County School System is 6,875, of which 22.84% are black and 77.16% are white.

After a lengthy evidentiary hearing on the merits of the plaintiff-intervenors'[3] petition to intervene,[4] the district court made Findings of Fact and Conclusions of Law, and for the reasons set out therein, ordered the complaint of the plaintiff-intervenors dismissed.

We have reviewed the entire record and considered the briefs filed by the parties and conclude that the Findings of Fact and Conclusions of Law are correct. The district court's findings and conclusions are attached to this opinion as Appendix "A." We adopt them as the basis of our affirmance of the judgment below.

AFFIRMED.

1. The original complaint was filed in the Northern District of Alabama on July 19, 1966.

2. These plaintiff-intervenors are parents with children in the Courtland Zone of Lawrence County where the blacks are approximately 60% at the elementary school and 66% at the high school.

3. Several of the parents seeking to intervene have children who were not attending the Lawrence County School System, but were attending a private school. The district court dismissed the intervention as to these plaintiff-intervenors.

4. The original private plaintiffs who sought the desegregation order in 1966 filed a response to the intervention petition in which they asserted that the intervenors were seeking to super-impose a class upon an already existing class by their intervention, and further denied that the intervenors had standing to raise the issues they seek to raise.

APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN HORTON, et al., | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CIVIL ACTION NUMBER |
| | * | |
| THE LAWRENCE COUNTY BOARD OF EDUCATION, et al., | * | 66–445 |
| Defendants. | * | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GUIN, District Judge.

This cause came on for an evidentiary hearing on the merits of the plaintiffs-intervenors petition to intervene. The plaintiffs-intervenors, white parents of students enrolled in the public schools of Lawrence County, Alabama, have asserted in their intervention petition that the Lawrence County school system is operated on a racially discriminatory basis. Specifically they assert (1) that certain schools in the system are predominantly black and others are all-white; (2) that the defendant school board has discriminated against schools whose student bodies are predominantly black in the allocation of funds and other resources; and (3) that the defendant school board has violated earlier orders of this Court by permitting students to attend schools in zones other than those of their residences, thereby perpetuating the existence of one-race schools in the system. Based on the earlier orders of this Court, and the testimony of witnesses and exhibits received at the hearing of this cause, this Court makes the following FINDINGS OF FACT:

Carl Norton, Joyce Norton, Danny Rose, Mary Rose, Robert Williams, Joan Williams, James Jett, Doris Jett, Jadie Kyle Letson, and Lavern Letson are parents of certain white students enrolled in the Courtland and Tennessee Valley schools, of the Lawrence County School system. They have been permitted to intervene in this action so that they might be heard on their claim that the defendant school board is operating a dual school system based on race.

### The Existence of One-Race Schools

As of February, 1977 the Lawrence County School system operated thirteen separate regular schools. Three of these schools (East Lawrence Elementary, Hatton Elementary, and Hatton High) are and, for aught that appears, have always been attended exclusively by whites. On the other hand, while only twenty-four percent (24%) of the system's student population is black, three schools (Courtland Elementary, Courtland High, and Tennessee Valley Elementary) have student bodies whose racial composition is in excess of sixty percent (60%) black. These statistics, standing alone, would ordinarily create a fairly strong inference that a racially segregated public school system exists in Lawrence County, at least with respect to the named schools.

The record establishes that the East Lawrence School was recently constructed to replace two older white schools—Midway and Chalyveate. This Court found, in an order dated December 29, 1970 that

"Plaintiffs' request for closing the Midway Elementary School is denied. While it is "all white" (some 160 white students, 0 black students), this appears to be the result of de facto residential segregation

within the county—as is indicated by the student bodies at the other schools in the same zone  .  .  . ”

Likewise, no blacks live in the area previously served by Chalyveate. Therefore, East Lawrence school is an all-white school owing to the residential patterns in Lawrence County. The evidence abundantly establishes that blacks have never lived in the Hatton area. There is no evidence that the school board has permitted white students who reside in other zones to attend these three all-white schools.

Courtland High School is a traditionally white facility. After the entry of the 1970 order generally approving the plaintiffs' proposed plan of desegregation, Courtland High became a majority black school—again because of the residential patterns of the county in which the substantial majority of black citizens reside in the Courtland-Hillsboro (known as "the Valley") communities. What is now the Courtland Elementary School (roughly 40% white) was, prior to the 1970 order, the all-black Central High School. Though Tennessee Valley Elementary School (which serves the Hillsboro community) is a traditionally black school, it was paired with the then all-white Hillsboro Elementary School in 1970. Hillsboro Elementary was closed in 1973, upon approval by this Court, leaving Tennessee Valley as the only school serving the black and white students residing in the Hillsboro community. The Tennessee Valley School does have, and has had for several years, a fairly stable white enrollment constituting approximately twenty-percent (20%) of its total student population.

This Court has recently modified the majority-to-minority transfer provision in the current desegregation plan, to provide free transportation and accord priority for space to such transferees.

In summary, the continued existence of the three all-white schools in the County system is predicated on existing residential patterns, not on racial considerations. All of the formerly black schools in the system have been desegregated; and the predominance of blacks at the Courtland and Tennessee Valley schools is attributable solely to the residential patterns of the county.

### Lack of Discrimination in Funds and Resource Allocation

■ There has simply been no showing of discrimination in the allocation of funds and other resources to the Courtland and Tennessee Valley Schools. Nor has there been any such showing of discrimination in educational facilities and programs. The evidence establishes that these three predominately black schools have received at least equal, if not better consideration as the other schools with respect to facilities, funds, programs, and other resources.

### Lack of Intentional Discrimination

■ The plaintiffs-intervenors presented no evidence tending to show that the defendant school board has intentionally sought to create or perpetuate one-race schools, or to exclude any student from any school because of his race or color.

Though the plaintiffs-intervenors claimed that the defendants have, in violation of the orders of this Court, permitted students to attend schools in zones other than the ones in which they reside, no evidence was presented which supports the claim. The Court finds, quite to the contrary, that the defendant school board in recent years has faithfully complied with the desegregation order respecting student attendance. In fact, the defendants have on occasion sought the assistance of this Court in requiring that recalcitrant students be required to attend the public schools in the zones of their respective residences.

Considering all of the evidence, the Court finds that the claims of the plaintiffs-intervenors have not been established.

### CONCLUSIONS OF LAW

Based on the foregoing findings of fact, the Court concluded the following:

1. The continued existence of the one-race schools in Lawrence County is attributable solely to the residential patterns of the county.

2. The concentration of blacks in the Courtland and Tennessee Valley schools is attributable solely to the residential patterns of the county.

▪ The defendant school board is not constitutionally required to maintain a racial balance in each school in the system. *Swann v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971).

▪ 4. The defendant school board is not constitutionally required to make annual readjustment of attendance zones so that there would not be a majority of blacks in any school in Lawrence County. *Pasadena City Board of Education v. Spangler,* 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976).

5. The defendant school board has not discriminated against the predominantly black schools in the county system with respect to educational facilities, programs, and funds and resource allocations.

6. The defendant school board has not permitted students to disregard the student attendance zones as ordered by the Court; and it has otherwise faithfully complied with the orders of this Court.

For the foregoing reasons, it is hereby ORDERED, ADJUDGED, AND DECREED that the complaint of the plaintiffs-intervenors in this cause is hereby dismissed.

▪ This cause further came on for an evidentiary hearing on the motion of defendant school board to establish a new zone line and thereby to create a new zone. In open Court, plaintiffs joined in said motion and adopted and acquiesced in the same. Intervenors opposed said motion and were heard fully on an alternative proposal presented by them.

After a full hearing, the Court is of the opinion that the joint motion of the defendant school board and plaintiffs should be and the same is hereby GRANTED. Arguments can be logically made both for and against both proposals. Neither would be racially discriminatory or otherwise unconstitutional. It is sufficient that the elected representatives of the people of Lawrence County have decided the matters of policy which it is their constitutional right and duty to decide and that that decision is not unconstitutional.

The zone line change and establishment of the new zone is ordered to be implemented according to the legal description in the motion of defendant school board praying for court approval of said proposed change and creation of said zone, said description being incorporated herein by reference.

It is so ORDERED this 15th day of August, 1977. Costs are taxed against the plaintiff-intervenors.