Thomas L. ADAMS et al.,
Movants–Appellants,

United States of America, Plaintiff,

v.

BALDWIN COUNTY BOARD OF EDUCATION OF BALDWIN COUNTY, GEORGIA, et al., Defendants–Appellees.

No. 79–3370

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1980.

Charles A. Mathis, Jr., Thomas M. Jackson, Macon, Ga., for movants–appellants.

George M. Stembridge, Jr., Milledgeville, Ga., for defendants–appellees.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This is a school desegregation case asserting a cause of action under 42 U.S.C. § 2000c–6. The original complaint was filed on February 14, 1968. After remand by this Court in *United States v. Board of*

*Education of Baldwin County, Georgia,* 423 F.2d 1013 (5th Cir.1970), the district court entered a *Singleton* [1] decree against the defendants on March 26, 1970. No appeal was taken from that order.

On May 22, 1979, a number of individuals filed a motion to intervene, which alleged (1) discrimination in hiring and dismissal practices as well as in discipline practices, (2) discrimination in the nonrenewal of the contract of an assistant principal named Olen Reaves, (3) discrimination in the transportation system, and (4) discrimination in assigning students to certain advanced studies programs. Movants also sought to convert the suit into a class action composed of two subclasses: (1) all black elementary and high school students, and (2) all black teachers, counselors, administrators, and principals whose employment had been terminated after October 15, 1968. With the exception of Olen Reaves, all of the original movants were representatives of the student subclass. On July 16, 1979, the district court denied the application of Reaves to intervene.[2] The court then invited the remaining applicants, including the named party, Thomas L. Adams, to submit affidavits in support of their motion. The court also allowed the school board to submit counter–affidavits. On the basis of these, the court determined that the only nonconclusional facts averred in support of the motion to intervene were those concerning discrimination in the transportation system, and that

> [t]he remainder of their claims have not been supported by affidavits of fact demonstrating any possible substantial claim

of discrimination other than as to a limited number of individual students whose alleged problems are not shown to be part of a possible pattern of discrimination.

The court permitted intervention on the transportation issue only.

Movants argue that they are entitled to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Alternatively, movants urge that the district court abused its discretion in denying permissive intervention under Rule 24(b).[3]

*Hines v. Rapides Parish School Board,* 479 F.2d 762 (5th Cir.1973), established guidelines for the application of Rule 24 to school desegregation cases. In *Hines,* this Court held that a petition for intervention should bring to the district court's attention the precise issues that the movants seek to represent and the ways in which the goal of a unitary system allegedly has been frustrated. Based upon the petition and accompanying complaint, the district court should then determine whether the matters raised in the plea previously have been raised and resolved and whether the issues sought to be presented by the new group currently are known to the court and parties in the initial suit. Under this analysis, if the court determines that the issues raised by movants have been determined or if it finds that the parties in the original action are aware of those issues and completely competent to represent the interests of the new group, it could deny intervention. Conversely, if the court feels that the movants have a significant claim that they best

---

1. *Singleton v. Jackson Municipal Separate School District,* 419 F.2d 1211 (5th Cir.1970), modified *sub nom. Carter v. West Feliciana Parish School Board,* 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), *on remand Singleton v. Jackson Municipal Separate School District,* 425 F.2d 1211 (5th Cir.1970).

2. Because Reaves failed to appeal this order, the issue of the nonrenewal of his contract has been removed from this suit.

3. Rule 24(a)(2) creates a three–part test for intervention as of right. A party must be allowed to intervene if (1) he claims an interest in the subject of the action, (2) he is so situated that the disposition of the action may as a practical matter impair his ability to protect that interest, and (3) his interest is not adequately represented by existing parties. Under Rule 24(b), a district court may permit intervention if to do so will not unduly delay or prejudice adjudication of the rights of the original parties. Unlike Rule 24(a), however, a district court's refusal to grant permissive intervention is reviewable only for abuse of discretion.

could represent, intervention would be allowed. *Id.* at 765.[4]

Movants argue that, in ruling on the motion to intervene the district court ignored the guidelines established in *Hines v. Rapides Parish School Board,* and failed to enter findings of fact and conclusions of law in conformity therewith. In desegregation cases, a district court's ruling on a plea in intervention must be supported by findings based upon an adequate record. *Calhoun v. Cook,* 487 F.2d 680 (5th Cir.1973); *Lee v. Macon County Board of Education,* 482 F.2d 1253 (5th Cir.1973). In the present case, the district court's order addressed neither the requirement of Rule 24 nor the standards established in *Hines.* Moreover, the court failed to articulate findings in support of its conclusion that movants' claims failed to demonstrate any possible substantial claim of discrimination.

When parents move to intervene in school desegregation cases, the important constitutional rights at stake demand a scrupulous regard for due process considerations. *Jones v. Caddo Parish School Board,* 499 F.2d 914 (5th Cir.1974). This Court has determined that intervention, rather than a separate action, is the proper vehicle for parents claiming inadequate representation to assert their rights. Denial of a plea in intervention, therefore, often will deprive those parties of their only opportunity to be heard. Consequently, we adhere to our earlier decisions requiring the district court to conduct an evidentiary hearing, and to enter findings based upon an adequate record. *Jones v. Caddo Parish School Board,* 499 F.2d 914 (5th Cir.1974); *Calhoun v. Cook,* 487 F.2d 680 (5th Cir.1973). *See also United States v. Perry County Board of Education,* 567 F.2d 277 (5th Cir.1978).

For the aforementioned reasons, we reverse the district court's order to the extent that it denies movants' plea in intervention,

and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

4. Movants argue that under this Court's decision in *Hines v. Rapides Parish School Board* parent groups with complaints growing out of desegregation litigation are entitled to intervention as a matter of right. In *Pate v. Dade*

County School Board, 588 F.2d 501, 503 (5th Cir.1979), *cert. denied,* 444 U.S. 835, 100 S.Ct. 67, 62 L.Ed.2d 44 (1979), however, this Court specifically rejected any such interpretation of *Hines.*