Carla Michelle MILLER, a minor aged eleven (11) years, by Marlene Miller, her natural mother and next friend, for herself and all others similarly situated, Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF TOPEKA UNIFIED SCHOOL DISTRICT 501, et al., Defendants-Appellees.

Gregory Grant CHAPMAN, et al., Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF TOPEKA UNIFIED SCHOOL DISTRICT 501, et al., Defendants-Appellees.

Nos. 80–1707, 80–1708.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 1, 1981.

Decided Jan. 8, 1982.

Fred W. Phelps, Jr., Phelps, Chartered, Topeka, Kan., for plaintiffs-appellants.

Ronald W. Fairchild, Topeka, Kan. (Charles N. Henson, Topeka, Kan., with him on the brief), of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for defendants-appellees Board of Education, Unified School District 501, Duane Pomeroy, Peggy Boggs, Joe Douglas, Ross R. Freeman, Don Oden, Ron Taylor, and Pat Thompson.

Leslie A. Kulick, Asst. Atty. Gen., State of Kansas, Topeka, Kan. (Robert T. Stephan, Atty. Gen., Topeka, Kan., with her on the brief), for defendant-appellee State of Kansas.

Before SETH, Chief Judge, BREITEN-STEIN, Circuit Judge, and KUNZIG,* Judge.

PER CURIAM.

These two cases were consolidated for pretrial purposes, at which stage they were dismissed upon the defendants' motion. The defendants are the Board of Education of Topeka Unified School District 501 (U.S.D. 501), the individual board members in their official capacities, and the state of Kansas. These are both proposed class actions brought by black students of U.S.D. 501 through their parents as next friends. The claim is made in each case that the defendants have failed to comply with the desegregation dictates of *Brown v. Board of Education*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. As the trial court summarized it, *Miller* seeks primarily injunctive and declaratory relief, while *Chapman* additionally features a prayer for significant damages.

* Honorable Robert L. Kunzig, Judge of the United States Court of Claims, sitting by designa-

The trial court granted the defendants' motion to dismiss after concluding that *Brown v. Board of Education*, 139 F.Supp. 468 (D.Kan.), is a pending case which encompasses all the issues sought to be raised by these complaints. The trial court concluded that these separate actions attacking the implementation of the desegregation program required by the Supreme Court should not proceed separately. Appellants claim the trial court erred by finding that they were not entitled to proceed with their independent actions because they could file a motion to intervene in the pending *Brown v. Board of Education*, 139 F.Supp. 468 (D.Kan.). The plaintiffs point out that their motion to intervene may or may not eventually be granted.

The trial court based this dismissal on its recent holding in *Brown v. Board of Education*, 84 F.R.D. 383 (D.Kan.), that the proper procedure for presenting a claim that the Supreme Court's ruling on desegregation had not been followed was by intervention in the original action. The court there said:

"In this case we have no final order, no order of dismissal, and no finding of compliance with the unitary school concept. Thus, this case has never been officially closed. It is true that the action has remained open an exceptionally long time, but such a circumstance is not unknown in school desegregation litigation. Given this state of affairs, the proper method of presenting a claim such as applicants assert, it appears, is through intervention in this action."

In the cited case the decision to allow intervention in the original *Brown v. Board of Education* was based in part on the language used in the original opinion. There the court concluded that "a good faith beginning" toward complete desegregation in the Topeka school system had been made, but since complete desegregation had not then been accomplished the court stated:

tion.

"Jurisdiction of the cause for the purpose of entering the final decree is retained until such time as the Court feels there has been full compliance with the mandate of the Supreme Court." 139 F.Supp. at 470.

This continued jurisdiction was in accordance with the Supreme Court's directives in its opinion in *Brown v. Board of Education,* 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, for the implementation of its earlier decision in *Brown v. Board of Education,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, which had declared the fundamental principle that racial discrimination in public education is unconstitutional. The Supreme Court recognized that "the transition to a system of public education freed of racial discrimination" would vary with the different local school problems, and "[b]ecause of their proximity to local conditions and the possible need for further hearings, the courts which originally heard these cases can best perform this judicial appraisal." 349 U.S. at 299, 75 S.Ct. at 756. The Supreme Court continued: "During this period of transition, the courts will retain jurisdiction of these cases." 349 U.S. at 301, 75 S.Ct. at 756.

The trial court's decision at 84 F.R.D. 383 to permit intervention in *Brown v. Board of Education,* 139 F.Supp. 468 (D.Kan.), was also supported by a group of cases from the Fifth Circuit. In *Hines v. Rapides Parish School Board,* 479 F.2d 762, the Fifth Circuit stated:

"In resolving this appeal, this court must attempt to set out a method which allows parent groups to present their complaints about the school system which results from a desegregation order without fostering a multiplicity of new lawsuits over the same complicated and emotional issues which have already once been fought out in an all too lengthy court battle. Certainly every group must be allowed the opportunity to show the court that the desired and legally required unitary school system has not been achieved by an earlier court order. We feel that there is a simple method for achieving this desired result without undue confusion and a multiplicity of lawsuits."

Next the Fifth Circuit looked at the plaintiffs-appellants' allegations and found they came within the area of jurisdiction retained by the trial court in an earlier desegregation case. The court then stated:

"Therefore, we feel that the proper course for parental groups seeking to question current deficiencies in the implementation of desegregation orders is for the group to petition the district court to allow it to intervene in the prior action."

See also *Adams v. Baldwin County Board of Education,* 628 F.2d 895 (5th Cir.); *Pate v. Dade County School Board,* 588 F.2d 501 (5th Cir.); *Spangler v. Pasadena City Board of Education,* 552 F.2d 1326 (9th Cir.); *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044 (5th Cir.), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Calhoun v. Cook,* 487 F.2d 680 (5th Cir.); *Lee v. Macon County Board of Education,* 482 F.2d 1253 (5th Cir.).

We agree with the trial court that intervention in *Brown v. Board of Education,* 139 F.Supp. 468 (D.Kan.), is the procedure both the *Miller* and the *Chapman* plaintiffs should follow. As the trial court stated in its Memorandum and Order:

"To allow these actions to proceed independently would result in a duplication and waste of the time and effort of the litigants and the Court. The issues which plaintiffs seek to raise herein are already before the Court in *Brown v. Board of Education.* Furthermore, the continued prosecution of these actions risks inconsistent judgments."

The trial court thus properly refused to order intervention in *Brown v. Board of Education,* 139 F.Supp. 468 (D.Kan.), or to decide whether intervention would be granted for either the *Miller* or *Chapman* plaintiffs. Those questions can be decided only after plaintiffs have filed a petition for intervention. In *Hines v. Rapides Parish School Board,* 479 F.2d 762, the Fifth Circuit discussed the necessity of the petition for intervention in an ongoing desegregation case.

Without deciding the question, it must be observed that the complaints in the cases before us contain allegations which indicate that the plaintiffs are within the class in the original *Brown* case and thus they may already be in the litigation. The necessity for an orderly administration of the courts does at times require the consolidation of actions or a direction to seek intervention in ongoing class actions where the same issues are presented where the plaintiffs are apparently members of the class there proceeding against the same or some of the same defendants. There is no right to maintain separate actions in these circumstances. The record demonstrates that the issues raised in the cases before us and in *Brown* are the same. There may be some difference in the remedies sought but this does not lead to a different conclusion. *See Davis v. Board of School Commissioners*, 517 F.2d 1044 (5th Cir.).

AFFIRMED.