Andrew L. MANNINGS, et al., Plaintiffs,

v.

## SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA (Formerly Board of Public Instruction of Hillsborough County, Florida), et al., Defendants.

### No. 58–3554–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 16, 1993.

Francisco Rodriguez, Tampa, FL, Warren H. Dawson, Tampa, FL, for plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, Tampa, FL, Walter Crosby Few, Few & Ayala, Tampa, FL, for defendants.

John William MacKay, John W. MacKay, P.A., Tampa, FL, for intervenors-plaintiffs.

## *ORDER SETTING EVIDENTIARY HEARING ON MOTION FOR INTERVENTION*

KOVACHEVICH, District Judge.

Before this Court for consideration are Intervenors, NORMAN EDWIN ARMSTRONG, JR., BRYAN TYLER ARMSTRONG, CARLTON LEWIS, EMANUEL LEWIS, ROBERT JOHN BURR, CHERYL ANN BURR, STEVEN JONATHAN BURR, DANIEL RENEE BURR, ARCHIE LEE McRAE, MAUREEN ELROD McRAE, and AMEER McRAE, (hereinafter "Intervenors") Motion To Intervene and Motion For Evidentiary Hearing (Docket No. 489), as well as Plaintiffs' and Defendant's Responses to Intervenors' motions. (Docket Nos. 498 and 499) Also before this Court for consideration are Intervenors' Pendent Claim in Intervention and Motion for Order Relinquishing This Court's Supervision of Student Assignment (Docket Nos. 490 and 491), as well as Plaintiff's and Defendant's responses to Intervenors' motions. (Docket Nos. 498 and 499)

## PENDENT CLAIM IN INTERVENTION AND MOTION FOR THIS COURT'S RELINQUISHMENT OF SUPERVISION OF STUDENT ASSIGNMENT

This Court finds that neither the Intervenors' Pendent Claim in Intervention, nor Intervenors' Motion For This Court's Relinquishment of Supervision of Student Assignment, are ripe until the Intervenors' motion to intervene as a party in this matter is resolved. Therefore, this Court will defer judgment as to both the Intervenors' Pendent Claim, and the Motion For This Court's Relinquishment of Supervision of Student Assignment, until the Intervenors' continuing status in this case is decided.

## INTERVENORS' MOTION TO INTERVENE TO BECOME PARTIES TO THIS ACTION

The Intervenors assert that they are entitled, as a matter of right, to intervene in this action, pursuant to F.R.C.P. 24(a)(2). Intervenors claim that they have an interest in the goal of a unitary school system; that this interest gives them a direct, substantial, and legally protectable interest in this proceeding; that they are so situated that the disposition of this matter may impair the Intervenors' ability to protect that interest; and that the Intervenors' interest is not adequately represented by existing parties. Thus, the Intervenors have stated a prima facie claim

to intervene as a matter of right under Rule 24(a)(2).

Intervenors also claim a privacy interest pursuant to Article I, Section 23 of the Florida Constitution, and allege that this interest has been violated by the Task Force Report approved by this Court. Additionally, the Intervenors claim an interest in moving this Court to relinquish its control of student assignments in the Hillsborough County School system. As previously stated, this Court finds Intervenors' claim to such relinquishment unripe until their right to intervention is established. Further, Intervenors claimed privacy interest is a part of Intervenors' Pendent claim, which this Court has also determined is not ripe until the Motion to Intervene is decided.

Moreover, the only interest that parents seeking intervention in a school desegregation case may assert to justify intervention is an interest in a unitary school system. See *United States v. Perry Cty. Bd. of Ed.*, 567 F.2d 277 (5th Cir.1978). The Intervenors do assert this interest. The proposed Intervenors' motion to intervene states, albeit in the most broad and conclusive terms, that the Task Force Report, and impliedly this Court's order approving that report, have frustrated the goal of a unitary school system. Therefore, this Court holds that an evidentiary hearing is necessary to determine the proposed Intervenors' explicit factual basis for their allegation. See *Bradley v. Pinellas County School Bd.*, 961 F.2d 1554 (11th Cir.1992) and *Adams v. Baldwin County Bd. of Ed.*, 628 F.2d 895 (5th Cir.1980). Accordingly, Intervenors' motion for evidentiary hearing and oral argument as to Intervenors' Motion to Intervene is hereby **GRANTED.**

The Eleventh Circuit Court of Appeals has clearly outlined the standard for intervention in school desegregation cases. *Bradley v. Pinellas County School Bd.*, 961 F.2d at 1556. The *Bradley* court stated,

> The petition for intervention would bring to the attention of the district court the precise issues which the group sought to represent *and the ways in which the goal of a unitary system had allegedly been frustrated.* The district court could then

determine whether these matters had been previously raised and resolved and/or whether the issues sought to be presented by the new group were currently known to the court and parties in the initial suit. If the court determined that the issues these new plaintiffs sought to present had been previously determined or if it found that the parties in the original action were aware of these issues and completely competent to represent the interest of the new group, it could deny intervention. If the court felt that the new group has a significant claim which it could best represent, intervention would be allowed.

*Id.* at 1556, *citing Hines v. Rapides Parish School Board,* 479 F.2d 762 (5th Cir.1973) [Emphasis added]. Accordingly it is

**ORDERED** that the Intervenors Motion for Evidentiary Hearing is hereby **GRANTED.** Therefore, the Intervenors, the Defendant, and the Plaintiffs are ordered to prepare for an evidentiary hearing based upon the above-referenced standards for intervention. It is further **ORDERED** that the parties appear before this Court on **TUESDAY, JUNE 22, 1993 at 10:00 a.m.** and present evidence to this Court, based upon the above-referenced standards, **and upon those issues only,** as to each of the parties' positions with regard to the proposed Intervenors' Motion to Intervene. The Intervenors will have one half hour to present their evidence. The Defendant and the Plaintiffs will each have fifteen minutes to present evidence in opposition to the Intervenors' motion.

**DONE AND ORDERED.**