Jean Carolyn YOUNGBLOOD et al., Plaintiffs-Appellants,

v.

BOARD OF PUBLIC INSTRUCTION OF BAY COUNTY, Florida et al., Defendants-Appellees.

No. 71-2263.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1971.

---

Jack Greenberg, Norman J. Chachkin, Drew S. Days, III, New York City, Theodore R. Bowers, Panama City, Fla., for plaintiffs-appellants.

Martin Buckley, Dept. of Justice, Civil Rights Div., Washington, D. C., William H. Stafford, Jr., U. S. Atty., David L. Norman, Acting Asst. Atty. Gen., Brian K. Landsberg, Joseph B. Scott, Attys., U. S. Dept. of Justice, Washington, D. C., for the United States.

Julian Bennett, Panama City, Fla., Logue, Bennett & Williams, Panama City, Fla., for defendants-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

The District Court, sua sponte, dismissed this school integration case after making a finding that the school system was desegregated and unitary in nature. Plaintiffs-appellants urge on this appeal that the cause should not have been dismissed, but rather should be maintained on the inactive docket for the next three school years, during which time the school district would be required to file status reports on the state of desegregation in the school system. Appellants further ask that the District Court be directed to dismiss the suit at the termination of the three year period only after notice and hearing at which appellants would be permitted an opportunity to show why dismissal of the cause should be further delayed.

It is ordered by the Court:

1. The order of the District Court dismissing this action is vacated, and the cause is remanded to the District Court with directions to reinstate the action, and to retain jurisdiction over the action for a period not less than three school years. During the next three school years the school district shall be required by the court below to file semi-annual reports with the District Court similar to those required in United States v. Hinds County School Board, 5 Cir., 1970, 433 F.2d 611, 618–619.

2. At the conclusion of three school years the District Court should again consider whether the cause should be dismissed. In no event, however, shall the District Court dismiss the action without notice to the plaintiffs below and a hearing providing opportunity to plaintiffs-appellants to show cause why dismissal of the cause should be further delayed. See Wright v. Board of Public Instruction of Alachua County, Florida, 5 Cir., 1971, 445 F.2d 1397.