UNITED STATES of America, Plaintiff-Appellant,

v.

The STATE OF TEXAS, ET AL. (SAN FELIPE DEL RIO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT), Defendants-Appellees.

No. 74–3942.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1975.

J. Stanley Pottinger, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., William S. Sessions, U. S. Atty., San Antonio, Tex., John Hoyle, Civ. Rights Div., Brian K. Landsberg, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Jesus B. Ochoa, Jr., El Paso, Tex., Mike V. Gonsalez, Del Rio, Tex., Grant Cook, Houston, Tex., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge.

Acting *sua sponte*, the District Court dismissed this school desegregation case from its docket. The United States appeals. Because the dismissal was not in compliance with the standards prescribed by Youngblood v. Board of Public Instruction, 5 Cir. 1971, 448 F.2d 770 we vacate and remand.

The facts are not in dispute. In March, 1970, the United States commenced an action in the District Court for Eastern Texas to consolidate and desegregate the San Felipe and Del Rio Independent School Districts. Consolidation and desegregation were ordered, United States v. State of Texas, 342 F.Supp. 24 (E.D., Tex., 1971). We affirmed, but ordered the case transferred to the Western District of Texas for supervision of the consolidation-desegregation process, United States v. State of Texas (San Felipe-Del Rio Consolidated Independent School District), 5 Cir. 1972, 466 F.2d 518. Thereafter, from August 29, 1972 to November 7, 1973 nothing happened in the District Court except the filing of the customarily required semi-annual reports by the School Board.

On November 7, 1973, acting on its own initiative, without notice of the action taken or an opportunity for a hearing as to any opposition thereto, the District Court found that the objective of a unitary school system had been achieved, felt that its supervision was no longer necessary or required, and, as already stated, dismissed the case.

The United States moved to vacate the dismissal, but this motion was denied.

In *Youngblood* the governing principles were clearly and succinctly stated:

It is ordered by the Court:

1. The order of the District Court dismissing this action is vacated, and the cause is remanded to the District Court with directions to reinstate the action, and to retain jurisdiction over the action for a period not less than three school years. During the next three school years the school district shall be required by the court below to file semi-annual reports with the District Court similar to those required in United States v. Hinds County School Board, 5 Cir., 1970, 433 F.2d 611, 618–619.

2. At the conclusion of three school years the District Court should again consider whether the cause should be dismissed. In no event, however, shall the District Court dismiss the action without notice to the plaintiffs below and a hearing providing opportunity to plaintiffs-appellants to show cause why dismissal of the cause should be further delayed. See Wright v. Board of Public Instruction of Alachua County, Florida, 5 Cir., 1971, 445 F.2d 1397

For cases following *Youngblood* see Calhoun v. Cook, 5 Cir. 1971, 451 F.2d 583; Steele v. Board of Public Instruction, 5 Cir. 1971, 448 F.2d 767. See Cisneros v. Corpus Christi Independent School District, 5 Cir. 1972, 467 F.2d 142, 153 (n. 10); United States v. Texas Educational Agency (Austin Independent School District), 5 Cir. 1972, 467 F.2d 848, 886 (n. 2); Wright v. Board of Public Instruction, 5 Cir. 1971, 445 F.2d 1397; United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, 618–19.

In dismissing the case the District Court relied on the following language appearing in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 32, 91 S.Ct. 1267, 1284, 28 L.Ed.2d 554 (1971):

> Neither school authorities nor district courts are constitutionally required to make year-by-year adjustments of the racial composition of student bodies once the affirmative duty to desegregate has been accomplished and racial discrimination through official action is eliminated from the system. This does not mean that federal courts are without power to deal with future problems; but in the absence of a showing that either the school authorities or some other agency of the State has deliberately attempted to fix or alter demographic patterns to affect the racial composition of the schools, further intervention by a district court should not be necessary.

Our decision in *Youngblood* was not intended to be a contradiction of these principles, nor do we think that it was. We were there enunciating guidelines by which, in the absence of a contrary showing after notice, the District Courts could with confidence close the books on a school desegregation case. We were establishing a uniform rule upon which school authorities and District Courts might rely for insuring proper local and judicial administration of the school desegregation process. It has never been our purpose to keep these cases interminably in the federal courts.

The appellate record indicates that subsequent to our affirmance (August 29, 1972, 466 F.2d 518) reports have been filed dated October, 1972, March 1973, and October, 1973. This leaves reports due for March, 1974, October, 1974, and March, 1975, which apparently were not filed because of the dismissal. We assume that the records are available from which past due and current reports may be filed.

Once these reports have been filed, then upon proper notice, and following a hearing if one is appropriately sought, the District Court may proceed to determine whether San Felipe Del Rio has achieved unitary status. If it has, then a dismissal is not out of order.

If, however, such reports have not been or cannot now be filed then the matter may not be considered until three additional semi-annual reports shall have been filed in due course.

Vacated and remanded for further proceedings not inconsistent herewith.