Anthony T. LEE et al., Plaintiffs,

United States of America,
Plaintiff-Intervenor-Appellant,

v.

DALLAS COUNTY BOARD OF EDUCA-TION, Defendant-Appellee.

No. 77–3426.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1978.

Leigh M. Manasevit, Thomas M. Keeling, Civil Rights Div., Dept. of Justice, Washington, D.C., for plaintiff-intervenor-appellant.

Joe T. Pilcher, Jr., Selma, Ala., for defendant-appellee.

Before GOLDBERG, CLARK, and RO-NEY, Circuit Judges.

PER CURIAM:

This appeal arises out of a school desegregation suit originally filed in 1963 by private plaintiffs against the Macon County, Alabama Board of Education and amended in 1964 to include appropriate state officials as party defendants. *Lee v. Macon County Board of Education*, 231 F.Supp. 743, 745 (M.D.Ala.1964) (3 judge court). The United States has participated in this litigation as a plaintiff-intervenor pursuant to Title IV of the Civil Rights Act of 1964, 42 U.S.C. 2000c, et seq., since 1966. In 1967 a three-judge district court directed Alabama state officials to obtain desegregation plans from all school districts in the state not then involved in independent school desegregation litigation. *Lee v. Macon County Board of Education*, 267 F.Supp. 458, 478, 480–91 (M.D.Ala.) (3 judge court), *aff'd, Wallace v. United States*, 389 U.S. 215, 88 S.Ct. 415, 19 L.Ed.2d 422 (1967). In 1970 the three-judge district court promulgated an injunctive degree prescribing a desegregation plan for the Dallas County, Alabama, school system. The court then transferred all aspects of the case involving Dallas County to the Southern District of Alabama. Cases involving eight other school districts located in the Southern District were also transferred to that court's docket.

Further proceedings encompassing the Dallas County School System ("D.C.S.S.") were then held before the district court. On December 6, 1976, the district court conducted a status conference relating to fourteen of the *Lee v. Macon* school districts, including the D.C.S.S. During the conference the court indicated its belief that several of the school systems were operating in compliance with the fourteenth amendment and announced its intention to take appropriate steps to remove the actions involving those school districts from its docket. On February 10, 1977 the district court entered an order *sua sponte* in which the court found the D.C.S.S., as well as ten other *Lee v. Macon* school districts, to be "desegregated and . . . unitary in nature." The order also required the D.C.S.S. to file statistical reports on an established schedule. With the exception of the filing requirement, the order effectively removed the D.C.S.S. from the continuing active supervision of the court. Finally, the order provided that "Any objection to this Order as it is formulated shall be filed within thirty days of the date of this Order."

The United States failed to file a timely objection to this order.[1] The government's objection, when filed two days after the expiration of the thirty day period, was not accompanied by brief as required by the local rules of the district court.[2]

Four months later, on July 26, 1977, the government filed a Motion for Enforcement and Modification of Injunction. This motion alleged both violations by Dallas County school officials of the 1970 plan and the need for modification of the 1970 plan to meet the constitutional requirement of a unitary school system. On November 10, 1977 the district court entered an order setting the enforcement portion of the government's motion for a hearing[3] and

1. Under the terms of the district court's Order, objections should have been filed no later than Monday, March 14. The government mailed its papers from Washington, D.C. to the clerk's office in Mobile, Alabama on Saturday, March 12. The objections were not filed until March 16, two days after the expiration of the thirty day period. Of course, compliance with a *filing* requirement is not satisfied by *mailing* the necessary papers within the allotted time. The papers must be filed by the clerk within the filing period specified in the applicable rule or order. See *e. g., Wiss v. Weinberger*, 415 F.Supp. 293 (E.D.Pa.1976). While under certain circumstances the receipt of an objection may constitute "filing" sufficient to preserve the objection despite the clerk's failure to phys-

ically file the objection on the date of receipt, see *id.*, in instant case, the government does not allege that the objections were received by the clerk prior to the expiration of the thirty day period. We therefore conclude that the objections were both received by the clerk and filed after the relevant period had expired.

2. The local rules of the district court require supporting briefs in these circumstances. Such local rules are authorized by F.R.Civ.P. 83.

3. The enforcement portion of the court's order pertaining to the government's allegation that school officials are violating the 1970 injunctive provisions presently in effect is not before us on this appeal.

denying the motion insofar as it requested modification of the existing desegregation plan for the D.C.S.S. The court reasoned that

having failed to contest the February 10 order either through objections or appeal the Government is now estopped to raise the desegregation issue through a motion to modify the desegregation plan implemented by this Court. The Court is not constrained to allow the Government to ignore the finding made by this Court in the February 10 order by means of a subterfuge motion. . . .

■ The government now appeals the denial of its motion for modification. After carefully considering the record, the contentions of both parties, and the applicable case law, we conclude that the district court acted within the scope of its permissible discretion in treating the government as having waived its objection to the court's finding that the D.C.S.S. was "desegregated and unitary in nature" by its failure to file timely objections in satisfactory form to the court's February 10 order. The November 10 judgment of the district court is therefore affirmed.

■ The government first alleges that the district court's February 10 order is itself appealable in this proceeding and that the district court improperly denied the government's objection to that order. Assuming *arguendo* that this question is properly before us, we note that as a general rule, the failure of a litigant to make timely objections to alleged errors in the proceedings or to rulings by the court waives those objections for purposes of appeal unless the error is "so fundamental as to result in a miscarriage of justice." *Clark Advertising Agency, Inc. v. Tice*, 490 F.2d 834, 836 (5th Cir. 1974). *See Edwards v. Sears, Roebuck and Company*, 512 F.2d 276, 286 (5th Cir. 1975); *Fenstermacher v. Philadelphia National Bank*, 493 F.2d 333, 337 (3rd Cir. 1974); *House of Koscot Development Corp. v. American Line Cosmetics, Inc.*, 468 F.2d 64 (5th Cir. 1972); *Brotherhood of Railroad Trainmen v. Central of Georgia Railway*

*Co.*, 415 F.2d 403, 417 (5th Cir. 1969), *cert. denied*, 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970).

In the instant case the objections filed by the government were neither timely nor in proper form under the local rules of the Southern District of Alabama. The district court's February 10 order provided the government thirty days to file objections. Objections were thus due no later than Monday, March 14. The government failed to mail its objections from Washington, D.C. until Saturday, March 12, and the objections were not filed by the clerk in Mobile until March 16. The government made no attempt to obtain an extension of the filing period prior to March 14 and did not seek leave to demonstrate excusable neglect for the untimely filing after its objections were denied by the district court. Nor could the government have reasonably expected that papers mailed from Washington, D.C. on a Saturday would necessarily be received in Mobile, Alabama in time to be filed on Monday. Furthermore, the government proffers no explanation for its failure to conform to the requirement in the local rules of the district court that all such motions be accompanied by brief. Under the circumstances, the district court did not abuse its discretion in denying the government's objections to the February 10 order as untimely and without brief. The government has not demonstrated the existence of a fundamental error resulting in a miscarriage of justice which would warrant the exercise of our power to examine error in the absence of a timely objection. *See Edwards v. Sears, Roebuck and Company, supra.*

■ The government nonetheless argues that the February 10 order declaring the D.C.S.S. to be "unitary" is "invalid" under the procedures articulated in *United States v. State of Texas (San Felipe Del Rio Consolidated Independent School District)*, 509 F.2d 192 (5th Cir. 1975), *Youngblood v. Board of Public Instruction of Bay County*, 448 F.2d 770, 771 (5th Cir. 1971), and *Steele*

*v. Board of Public Instruction of Leon County*, 448 F.2d 767 (5th Cir. 1971), for adjudicating a school system operating under a federal injunction to be unitary. Therefore, according to the government, the district court erred in holding that the government was "estopped" by its failure to object to that order from raising again in its July 26 motion the question of whether the D.C.S.S. is in fact a unitary school system. We disagree. The government failed to object to the February 10 order adjudicating the school system to be unitary. Its motion of July 26 to modify the injunction was essentially an attempt to relitigate this very question. To deny the district court in this case the discretion to bind the government to the findings adjudicated in the February 10 order and to reject what the court not inaptly characterized as a "subterfuge motion" would render meaningless any attempt by the court to set reasonable limits on the filing of objections to its orders. Under the circumstances outlined above, the district court did not abuse its discretion in treating the government as having waived its objections to the prior determination and in denying the July 26 motion as a "subterfuge motion." We note in this regard that the government's July 26 motion does not allege that changed circumstances between the February 10 order and the July 26 motion under appeal necessitate modification of the 1970 injunction in order to achieve compliance with the constitutional requirements for a desegregated school system. Changed circumstances may justify modification of an injunctive order despite the fact that the original order was neither objected to nor appealed. *See Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 96 S.Ct. 2697, 2705, 49 L.Ed.2d 599 (1976) (failure to appeal original school desegregation decree does not bar the assertion that changed circumstances warrant modification of that decree). No such circumstances, however, have been alleged here.

In conclusion, we wish to make very clear the limited scope of today's holding. We intimate no views concerning the conclusion reached by district court in its February 10 order that the D.C.S.S. is desegregated and unitary in nature. Nor have we considered whether the district court entered that order in compliance with the requirements of *State of Texas (San Felipe Del Rio Consolidated Independent School District), supra, Youngblood, supra,* and *Steele, supra.* Finally, our holding that the district court did not abuse its discretion in denying the government's July 26 motion for modification of the injunction in no way implies that other individuals with proper standing are precluded from challenging the constitutionality of practices affecting the school system or the sufficiency of the injunctive decree presently in effect. Consistent with these observations, the judgment of the district court is affirmed.

AFFIRMED.