682 F.2d 894
 5 Ed. Law Rep. 743
 Anthony T. LEE, et al., Plaintiffs,
United States of America, Plaintiff-Intervenor,
National Education Association, Inc., Plaintiff-Intervenor-Appellant,
v.
WASHINGTON COUNTY BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 81-7694.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 9, 1982.
 
 Gray, Seay & Langford, Solomon S. Seay, Jr., Montgomery, Ala., for plaintiff-intervenor-appellant.
 Edward P. Turner, Jr., Chatom, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before FAY and KRAVITCH, Circuit Judges, and YOUNG*, District Judge.
 GEORGE C. YOUNG, District Judge:
 This appeal is from the judgment of the district court dismissing in its entirety a longstanding school desegregation case involving the public school system of Washington County, Alabama. Appellant, National Education Association (NEA), plaintiff-intervenor in the original suit, contends that the court's order of dismissal was inappropriate in that a substantive issue remained pending and unresolved at the time of the entry of final judgment. Because we are unable to determine from the record whether, in fact, the district court actually considered and disposed of a motion pending at the time of its entry of final judgment, we vacate and remand.
 This litigation has a protracted history and has already resulted in one judgment and opinion of a former panel of this Court. See Lee v. Washington County Board of Education, 625 F.2d 1235 (5th Cir. 1980). Therefore, only the facts relevant to the limited issue presented in this appeal will be set forth below. A more complete description of the history of the Washington County desegregation case may be found in this Court's previous opinion.
 A terminal desegregation order was entered by a three-judge district court on January 22, 1970, requiring the desegregation of the public school system of Washington County, Alabama. In addition to provisions relevant to student assignment, the order provided that "(s)taff members who work directly with school children and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted and dismissed without regard to race or color." Lee, supra, at 1236.
 On September 13, 1976, appellant NEA filed a motion in the district court for further relief alleging that several persons named therein were passed over for promotion to senior high school principalship vacancies in violation of the terminal order of desegregation. The motion was later amended to add the claims of several employees that they were terminated by the School Board because of their race or color.
 The district court held a hearing on NEA's amended motion on June 28-29, 1978 and entered an order on August 6, 1978 granting in part and denying in part the relief sought therein. NEA subsequently appealed that portion of the court's order which denied relief on the individual claims of employment discrimination involving the principalship vacancies.
 While the appeal was pending before this Court, the district court entered an order on February 2, 1979, advising the parties that in accordance with its previous finding that the Washington County school system was unitary and desegregated it intended to consider the propriety of dismissal of the present action in February, 1980, under the schedule set forth in Youngblood v. Board of Public Instruction of Bay Co., 448 F.2d 770 (5th Cir. 1971). The district court further advised the parties that objections to dismissal had to be filed before April 1, 1979, and that if additional litigation was contemplated it had to be commenced on or before May 1, 1979. The dismissal hearing was subsequently continued upon the joint motion of the parties because of the pending appeal.
 On August 6, 1979, NEA filed its second motion for contempt or for further relief. NEA alleged therein that the Washington County Board of Education failed to comply with the terminal order of desegregation in the filling of a principalship vacancy at the Washington County High School in July, 1979. NEA further alleged that the Board violated the terminal order in its nonrenewal of a black history teacher's employment contract and failure to hire a qualified black applicant for the position of reading coordinator for the county.[1] The district court's treatment of this motion forms the basis for the present appeal.
 On September 18, 1980, this Court entered its opinion on NEA's appeal of the district court's order of August 6, 1978. Finding that the district court erred in applying an incorrect legal standard for demonstrating entitlement to back pay and individual injunctive relief with respect to the claims of employment discrimination concerning the filling of principalship vacancies, we remanded and directed the district court to grant relief to the two unsuccessful black applicants for high school principalships unless the Board of Education proved by clear and convincing evidence that the applicants would not have been appointed to the positions absent the discrimination proved. 625 F.2d at 1240. In all other respects the district court's order was affirmed.
 On January 23, 1981, the district court sent out a notice of hearing to the parties informing them that on February 23, 1981, the district court would hear "those issues remanded back to district court by CCA in its opinion dated September 18, 1980." Trial was then held on those limited issues and on April 28, 1981, the district court entered its findings of fact and conclusions of law.[2]
 Thereafter, by letter dated May 7, 1981, the district court informed the parties of its desire to finally dismiss the case. Each side was asked to confer with the other to determine whether a joint stipulation for dismissal could be agreed upon. If unable to reach an agreement on dismissal, the parties were directed to so advise the court by June 16, 1981, and to appear before the court on July 6, 1981 to show cause why dismissal was not appropriate.
 Several objections to dismissal were later submitted to the district court. By letter dated June 15, 1981, the Justice Department informed the court that it deemed dismissal inappropriate due to NEA's pending second motion for further relief. Counsel for NEA also informed the court, by letter dated June 16, 1981, that it objected to dismissal prior to the disposition of its outstanding motion.
 NEA's objection was reasserted at the show cause hearing held on July 6, 1981. Nevertheless, on that date the district court entered its judgment on the issues remanded and, in addition, entered final judgment in the action directing dismissal of the Washington County desegregation case. NEA's subsequently filed motion for reconsideration, based upon its pending second motion for relief, was denied by the district court on July 22, 1981.
 The difficulty we have with the present appeal is that although NEA's second motion for relief was answered by appellee on September 7, 1979, and therefore was properly at issue, there is nothing in the record before us indicating that the motion was ever considered and disposed of by the district court. Appellee argues that the motion was implicitly denied by the district court's entry of final judgment and its subsequent denial of NEA's motion for reconsideration. However, there has never been a finding by the district court that the motion was denied as untimely filed, or that it was unrelated to the issues raised in the main desegregation case and, therefore, should have been filed as a separate lawsuit, or that it was denied on its merits.
 Without intimating whether or not the district court could or should reach any such finding, we note only that the motion was filed during the pendency of the first appeal and well before the district court's ultimate consideration of dismissal. In the absence of any evidence that the motion was actually disposed of by the district court, we vacate and remand for further proceedings consistent with this opinion.
 VACATED and REMANDED.
 
 
 
 *
 Honorable George C. Young, U. S. District Judge for the Middle District of Florida, sitting by designation
 
 
 [1]
 The claims asserted on behalf of David Howell, W. A. Taylor, Ola Irene Rivers, and Ruby R. Nelson in NEA's second motion for relief were separate and distinct from those claims contained in NEA's original motion for relief filed September 13, 1976
 
 
 [2]
 The court directed that the two unsuccessful black applicants for principalships be instated as principals of McIntosh High School and Leroy High School, respectively, and further granted an award of back pay and attorneys fees. The amount of back pay and attorneys fees deemed appropriate was subsequently stipulated to by the parties on June 1, 1981