PER CURIAM:
 

 The Jackson County Board of Education (Jackson) in 1980 sought dismissal by the district court of a desegregation case and vacation of a related 1969 desegregation order. It also sought to vacate a resulting 1970 order requiring Jackson to pass a resolution reassigning all students in the affected area to Jefferson City (Jefferson) schools for a period of twenty years. At the end of a three year period during which both districts remained unitary, the district court granted Jackson’s motion to dismiss the case and to vacate the two orders. Jefferson appeals. We affirm, but for reasons different than those given by the district court.
 

 I.
 

 In 1969 desegregation had been in large part completed in Jackson County. One glaring exception was that Jefferson and Jackson jointly ran an all-black elementary school. Parents and the federal government filed a desegregation suit challenging that school's right to exist. In its 1969 order the district court ordered the school closed and its students and faculty transferred into the Jefferson schools, and ordered Jefferson to construct new facilities to accommodate the new students. Jefferson later returned to court and asked it to order the Jackson board of education to pass a resolution transferring all students in the affected area to Jefferson schools for a twenty year period. Jackson had refused to make a long-term commitment on its own, and a resolution establishing such a commitment seemed necessary for Jefferson to obtain state school funds to help pay for the required school construction. In 1970 the district court entered the requested order to enable Jefferson to carry out the earlier desegregation order.
 

 The resolution required by the 1970 order, however, was never passed. Instead, the two school boards modified a 1952 twenty-five year contract through which Jackson educated some of its students in Jefferson schools. That contract was due to expire in 1977. The parties informed the trial court of this substitute performance and, apparently, the court accepted it as fulfillment of the 1970 order though there is nothing explicit on the record to that effect. The contract modification turned out to be sufficient for Jefferson to obtain its construction funds from the state.
 

 Jackson came to court in 1980 seeking dismissal of the 1969 desegregation case and vacation of the 1969 and 1970 orders. The district court, in 1981, following
 
 Youngblood v. Board of Public Instruction,
 
 448 F.2d 770 (5th Cir.1971), ordered both sides to file for the next three years semiannual reports on the racial makeup of the two districts. Both did so, and the
 
 *1535
 
 reports showed both districts to be unitary. In 1985 the district court dismissed the 1969 case and vacated the two orders on the ground that the systems had remained unitary and the orders were no longer needed to cure a constitutional wrong. Jefferson appeals only the vacation of the 1970 order. The United States joins Jackson as appellee.
 

 II.
 

 Jackson and the United States argue that the district court properly interpreted
 
 Youngblood
 
 and
 
 Lee v. Macon County Board of Education,
 
 584 F.2d 78 (5th Cir.1978), to require dismissal of the 1970 order because there remains no constitutional wrong to be righted. Courts, they argue, should dismiss this type of suit and return the school districts to local control. The United States argues that all orders flowing from desegregation suits must be vacated with the dismissal of the suits and that the unitary nature of the school districts removes any basis for continuing jurisdiction.
 

 The government’s interpretation of
 
 Youngblood
 
 and
 
 Lee
 
 is only partially correct. These cases aim at removing courts from continuing involvement in situations when there is no longer a constitutional wrong necessitating that involvement. That school districts have become unitary, however, does not inevitably require the courts to vacate the orders upon which the parties have relied in reaching that state. Our cases do not require the premature termination of those long-term orders that are part of a remedy “tailored to cure” a particular constitutional wrong.
 
 Milliken v. Bradley,
 
 433 U.S. 267, 282, 97 S.Ct. 2749, 2758, 53 L.Ed.2d 745 (1977). In some situations, such orders make possible the long-term commitment needed to start the desegregation process. The government’s overly rigid interpretation of our case law would, in essence, penalize school districts which have entered into burdensome arrangements, financial and otherwise, in good faith attempts to desegregate. Equitable solutions would be very difficult to obtain in future cases because parties would be unable to rely on the courts’ word.
 

 In this case, however, we affirm the district court’s judgment because it reaches the right result even if it “incorrectly reasoned its way to that decision.”
 
 Collins v. Seaboard Coastline Railroad,
 
 681 F.2d 1333, 1335 (11th Cir.1982). The district court’s decision will be affirmed because the 1970 order has, in effect, been complied with. Jefferson and Jackson, rather than abide by the precise terms of the order, agreed to modify a twenty-five year contract entered into in 1952. They informed the district court of this agreement, and by its inaction the district court apparently accepted the resolution modifying the contract as fulfilling the 1970 order. This contract sufficed to obtain the state assistance that the 1970 order was meant to obtain. Since Jefferson knew that contract would expire in 1977, there was no reasonable detrimental reliance to support its estoppel argument.
 

 AFFIRMED.