TORRAS HERRERIA y CONSTRUC-CIONES, S.A., Plaintiff-Appellant,

v.

M/V TIMUR STAR, now called the

M/V MORAN, her engines, tackle etc., and Singapore Bulk Carriers, Pte., Ltd., Defendants-Appellees.

No. 85–1061.

United States Court of Appeals, Sixth Circuit.

Argued June 3, 1986.

Decided Sept. 12, 1986.

Rehearing and Rehearing En Banc Denied Oct. 29, 1986.

Philip G. Meyer, West Bloomfield, Mich., James H. Simonsen, argued, Bigham, Englar, Jones and Houston, New York City, for plaintiff-appellant.

John D. Mabley, argued, Detroit, Mich., for defendants-appellees.

Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Judge.

BOGGS, Circuit Judge.

The district court dismissed this action pursuant to Fed.R.Civ.P. 41(b), and the plaintiff, Torras Herreria y Construcciones, S.A., appealed. We hold that plaintiff's appeal to this Court was untimely, and we therefore dismiss the appeal for lack of jurisdiction.

Although the dispute between the parties presents interesting substantive issues, we confine our discussion to the procedural events that took place after the district court's dismissal, events best understood if set out chronologically. On November 5, 1984, the district court entered its judgment of dismissal. On November 14, the district court approved the parties' stipulation granting an extension of time, to November 22, in which to file a Rule 52(b), Fed.R.Civ.P., motion to amend or to make additional findings.[1] On November 29, again at the parties' request, the district court granted a second extension of time to *file*, this time to November 30.[2] The record indicates that plaintiff's counsel mailed a Rule 52(b) motion to the district court from New York on November 30. However, the court did not receive the motion until December 5, five days after the second extension had expired. The district court denied plaintiff's Rule 52(b) motion on December 17.

Plaintiff filed its notice of appeal on January 11, 1985, clearly after expiration of the general 30-day time limit for filing a notice of appeal, which runs from the date on which final judgment is entered (in this case, November 5, 1984). Fed.R.App.P. 4(a)(1). However, an exception to the general rule provides that a "timely" Rule 52(b) motion will delay the running of the time to file a notice of appeal until the order granting or denying the motion is entered. Fed.R.App.P. 4(a)(4). Since plaintiff filed its notice of appeal to this Court within 30 days of the district court's denial of its Rule 52(b) motion, the only issue is whether plaintiff's Rule 52(b) motion in the district court was "timely."

"Filing with the court" is defined as filing with the clerk of the court, or, if the judge permits, with the judge. Fed.R. Civ.P. 5(e). If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. *Lee v. Dallas County Board of Education,* 578 F.2d 1177, 1178, 1179 (5th Cir.1978). Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline. *Ibid.; Wiss v. Weinberger,* 415 F.Supp. 293, 294 (E.D.Pa. 1976).

The record indicates that although plaintiff's counsel mailed the Rule 52(b) motion from New York on November 30, 1984, the district court did not receive the motion until December 5, 1984–five days too late. Thus, even assuming that the district court properly granted the extensions of time, the motion was not timely filed. Similarly, plaintiff's appeal to this Court was untimely, and we accordingly dismiss the appeal for lack of jurisdiction.

---

1. Because we hold that plaintiff's appeal to this Court is untimely in any event, we do not reach the issue of whether the district court could properly grant an extension. *Compare* Rule 6(b), Fed.R.Civ.P. (which provides that a district court may not extend the time for making Rule 52(b) motions) *with Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). *See also Wolfsohn v. Hankin,* 376 U.S. 203, 204, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (Clark, J., dissenting) ("this Court has given trial judges the *de facto* power to grant extensions of time, directly *contra* to the definite requirements of Rule 52(b)....")

2. This second stipulation was mailed to the judge on November 20, prior to the expiration of the first extension.