815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis H. MANN, Petitioner-Appellant,
v.
Frank GRAY, Supt. Ohio State Reformatory, Respondent-Appellee.
 No. 85-3899.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of the responses to this Court's October 13, 1986 order to show cause why the appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 It appears from the record that judgment was entered on August 26, 1985, and that appellant's motion to alter or amend that was served on September 5, 1985, tolled the running of the appeals time. Torras Herreria v. M/V Timur Star, 803 F.2d 215 (6th Cir.1986); Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir.1986); Myers v. Ace Hardware, Inc., 777 F.2d 2099, 1103 (6th Cir.1985). A judgment was entered on September 20, 1985 that denied the motion to alter or amend. The appeals time thus began to run anew, and appellant's notice of appeal was due to be filed by Monday, October 21, 1985 (the 30th day was Sunday, October 20). The notice of appeal filed on October 22, 1985, was one day late.
 
 
 3
 This Court's show cause order was entered on October 13, 1986. On October 30, 1986, appellant filed in district court a motion to permit the notice of appeal to be filed late. The district court denied the motion for extension because it was not filed within the additional 30 day period as prescribed by Rule 4(a)(5), Federal Rules of Appellate Procedure. The reasons stated in the Court's December 12, 1986 order denying an extension of time are correct. See also Kennedy v. City of Cleveland, supra.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a) is a mandatory and jurisdictional prerequisite which this Court can neither waive or extend. Myers, supra at 1102.
 
 
 5
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.