828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Romie P. HOPPER, Plaintiff-Appellant,
v.
Lawrence "Bub" GARRETT, et al., Defendants-Appellees.
 No. 87-5481.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1987.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for counsel, the response, the appellant's brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In 1981, Hopper filed a civil rights complaint in the district court. Pursuant to his motion, the district court dismissed the case without prejudice on September 30, 1985. On September 30, 1986, he prepared the instant civil rights complaint which was subsequently filed on October 20, 1986. He claimed that while he was incarcerated at the Carroll County Jail in Tennessee between December 15, 1979, and July 1, 1980, that the conditions at the jail violated his constitutional rights and that he was denied medical treatment. The district court dismissed the case on the basis that it was filed outside the statute of limitations.
 
 
 4
 We conclude that the complaint was filed outside the statute of limitations. The statute of limitations began to run on July 1, 1980, when Hopper was transferred from the Carroll County Jail. The time period within which a civil rights action can be brought is one year from the date on which the cause of action accrued. Tenn.Code Ann. Sec. 28-3-104(a); Kessler v. Board of Regents, 738 F.2d 751 (6th Cir.1984); Wright v. State of Tennessee, 628 F.2d 949 (6th Cir.1980). The current case was not commenced within the one year period; however, the prior case which was voluntarily dismissed without prejudice on September 30, 1985, was filed within that period. The one-year period to refile and commence an action anew as provided by Tenn.Code Ann. Sec. 28-1-105 does not cure the defect because the time had expired prior to the filing of the instant complaint. Rule 3, Federal Rules of Civil Procedure, directs that filing of a complaint commences a civil action. Filings received by the clerk's office after a deadline are late even if they were mailed before the deadline. Torras Herreria v. M/V Timur Star, 803 F.2d 215 (6th Cir.1986). The instant complaint, although allegedly mailed on September 30, was not filed until October of 1986.
 
 
 5
 It is ORDERED that the motion for appointment of counsel be denied and the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation