838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glynda Kaye McDONALD, Plaintiff-Appellant,
v.
DeKALB FEDERAL SAVINGS AND LOAN, and Billy P. Wofford,
Defendants-Appellees.
 Nos. 87-1943, 87-1950.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This court entered orders on October 9, 1987, and October 23, 1987, directing the appellant to show cause why appeal numbers 87-1943 and 87-1950 should not be dismissed for lack of jurisdiction. Appellant has filed a response only in appoeal 87-1943. She states that she sent a notice of appeal to this court and the district court on December 16, 1985.
 
 
 2
 A review of the record indicates that the district court dismissed appellant's case on December 11, 1985. The next entry on the district court's docket sheet is appellant's motion for default judgment filed on April 8, 1986. A default judgment was denied on October 31, 1986. A notice of appeal dated November 5, 1986, was filed on November 17, 1986 (appeal number 86-2081). Appeal number 86-2081 was decided by this court on May 13, 1987. On September 7, 1987, appellant sent a letter to the district court stating that she evidently did not send to the district court a copy of her December, 1985, notice of appeal but instead only sent it to the court of appeals. She allegedly attached a reconstructed December 17, 1985, notice of appeal. The only attachments to that letter in the record are a November 12, 1986, letter to this court regarding a notice of appeal allegedly mailed on December 16, 1985; a November 10, 1986, letter to appellant from the district court; and a certificate of service dated December 10, 1985, of a motion with a copy of a certificate of mailing. The September 7, 1987, letter was received and filed by the district court on September 24, 1987 (appeal number 87-1943). A notice of appeal dated December 17, 1985, was filed on September 30, 1987 (appeal number 87-1950).
 
 
 3
 The district court's December 11, 1985, order dismissed the district court action. The documents filed by the district court as notices of appeal on September 24, 1987 (appeal number 87-1943) and September 30, 1987 (appeal number 87-1950) were more than 1 1/2 years late. Fed.R.App.P. 4(a)(1) and 26(a). Although appellant states she mailed a notice of appeal in December of 1985, mailing does not constitute filing. It is the date the notice of appeal is received in the district court which confers jurisdiction on this court. Torras Herreria v. M/V Timur Star, 803 F.2d 215 (6th Cir.1986); Haney v. Mizell Memorial Hosp., 744 F.2d 1467 (11th Cir.1984); Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983). This court has reviewed its files and has failed to locate the notice of appeal allegedly mailed to this court in December of 1985.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 It is ORDERED that appeals 87-1943 and 87-1950 be and hereby are dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.