35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Lynn JOHNSON, Sr., Plaintiff-Appellant
v.
John EPPS, Defendant-Appellee
 Nos. 93-5018, 93-5367.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff William Lynn Johnson, Sr., a prisoner, appeals the district court's dismissal of this Sec. 1983 suit against the jailer who confiscated Johnson's legal papers and typewriter. Johnson also appeals the district court's denial of his requests for pauper status on appeal and transcripts at government expense. We affirm.
 
 
 2
 * In November, 1980, Johnson was transferred from the Tennessee State Penitentiary to the Shelby County Jail in Nashville for a hearing on his state postconviction petition. The defendant/appellee, John Epps, confiscated Johnson's typewriter and legal papers upon Johnson's arrival at the jail. After three months in the custody of Johnson's family, the papers and typewriter were returned to Johnson in his cell. Johnson soon realized that a Proof of Facts article on ineffective assistance of counsel was missing.
 
 
 3
 In 1981, Johnson, proceeding pro se, filed this action under 42 U.S.C. Sec. 1983 for injury caused by the confiscation. After a long series of continuances, trial was held on August 27, 1992. The next day, the district court issued an order dismissing the case "[f]or the reasons stated in open court." Judgment was entered on September 14, 1992.
 
 
 4
 On September 30, 1992, Johnson filed a notice of appeal from the district court decision, which appeal became no. 93-5018. On November 20, 1992, the district court denied Johnson's request for pauper status on appeal.
 
 
 5
 On February 19, 1993, the clerk of the court received Johnson's motion to alter or amend the judgment. On February 22, Johnson moved for pretrial and trial transcripts at government expense. On February 23, the district court denied Johnson's motion to alter or amend because the motion did not "present any facts or legal arguments that have not already been considered and rejected by previous order of this Court." In a separate order of the same day, the district court denied Johnson's motion for transcripts because Johnson was ineligible for appeal in forma pauperis.
 
 
 6
 On March 3, 1993, Johnson filed a notice of appeal of the orders denying free transcripts and amendment or alteration of the judgment. This appeal became no. 93-5387.
 
 
 7
 In the March 3 notice, Johnson renewed with this Court his request for pauper status on appeal, but filed no affidavit of financial condition or statement of issues on appeal. To avoid dismissal of her son's appeals, Johnson's mother paid the filing fee.
 
 II
 
 8
 As a threshold matter, we note that we do not have jurisdiction over appeal no. 93-5018. Federal Rule of Appellate Procedure 4(a)(1) requires the appealing party to file a notice of appeal within thirty days after the entry of judgment or order appealed from. Generally, a timely notice of appeal divests the district court of jurisdiction and confers jurisdiction on the court of appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). A timely motion to alter or amend, however, tolls the time for noticing an appeal. Fed.R.App.P. 4(a)(4). A notice of appeal filed before or during the pendency of a timely motion to alter or amend is ineffective. Fed.R.App.P. 4(a)(4). Unless another notice of appeal is filed within thirty days after the disposition of the motion to alter or amend, this Court lacks jurisdiction over the appeal. Fed.R.App.P. 4(a)(4).[1]
 
 
 9
 The relevant events for the jurisdictional analysis are these:
 
 Date Action
 
 10
 9/14/92 Judgment of dismissal entered.
 
 
 11
 9/30/92 Johnson files notice of appeal of 9/14/92 judgment (no. 93-5018).
 
 
 12
 2/19/93 Johnson's motion to alter or amend received by clerk of court.
 
 
 13
 2/23/93 District court denies motion to alter or amend.
 
 
 14
 3/3/93 Johnson files notice of appeal from order denying motion to alter or
 
 
 15
 amend (no. 93-5367).
 
 
 16
 A motion to alter or amend the judgment must be filed within ten days of judgment. Fed.R.Civ.P. 59(e). According to the date stamped on the motion to alter or amend, the Rule 59(e) motion was not filed until February 19, 1993--more than five months after judgment. Using February 19, 1993, as the filing date would compel the conclusion that the motion to alter or amend was not a time-tolling motion under Rule 4(a)(4); therefore, the timely notice of appeal from the judgment of dismissal would have divested the district court of jurisdiction and conferred jurisdiction over appeal no. 93-5018 in this Court. Under this analysis, this Court would not have jurisdiction over appeal no. 93-5367.
 
 
 17
 We have determined, however, that February 19, 1993, is not the proper date to use for the jurisdictional analysis. Federal Rule of Civil Procedure 5(e) provides that filing may be made with the clerk of the court or, if the judge permits, with the judge. Torras Herreria y Construcciones v. M/V Timur Star, 803 F.2d 215, 216 (6th Cir.1986). In ruling on Johnson's motion to alter or amend, the district court wrote,
 
 
 18
 The above-styled case went to trial on August 27, 1992, and by order dated August 28, 1992, this case was dismissed with prejudice. Subsequently, plaintiff served on counsel for the defendants a motion to alter or amend judgment and mailed a copy of the same to this Court's chambers. Although this motion was not filed with the Clerk of Court due to inadvertence, the motion was timely filed and this Court will treat the motion as if filed within the ten (10) days allowed under the Federal Rules of Civil Procedure.
 
 
 19
 Because Johnson timely filed his Rule 59(e) motion with the district judge,[2] the motion tolled the time for appeal and rendered ineffective Johnson's notice of appeal from the September 14 judgment of dismissal. Accordingly, we dismiss appeal no. 93-5018 as prematurely filed.
 
 
 20
 After disposition of the Rule 59(e) motion, Johnson timely appealed. An appeal from the denial of a motion to alter or amend is sufficient to confer jurisdiction over the underlying judgment. See Fed.R.App.P. 4(a)(1) and (4). Therefore, we have jurisdiction over appeal no. 93-5367, including the merits of the underlying case.
 
 
 21
 We also have jurisdiction over the issue of Johnson's entitlement to pauper status and free transcripts. The governing statutory provisions specifically authorize this Court to entertain petitions for pauper status and free transcripts. 28 U.S.C. Secs. 753(f) and 1915(a); see also Fed.R.App.P. 24(a) (Advisory Committee Notes to 1967 Adoption).
 
 III
 
 22
 Where an appellant claims that a finding or conclusion in the decision below is unsupported by or contrary to the evidence, the appellant must submit to this Court a record of all evidence relevant to such finding or conclusion. See Fed.R.App.P. 10(b)(2). On the merits, Johnson argues that the district court's judgment in Epps's favor was contrary to the evidence. Therefore, it is Johnson's responsibility to provide this Court with a sufficient record for review. Johnson has not done so. Instead, he requests pauper status and the production of transcripts at government expense.
 
 
 23
 As to his eligibility for pauper status, Johnson has waived the issue on appeal. Federal Rule of Appellate Procedure 24(a) provides in part,
 
 
 24
 If a motion for leave to proceed on appeal in forma pauperis is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by [an affidavit of financial condition and issues on appeal] ... and by a copy of the statement of reasons given by the district court for its action.
 
 
 25
 Fed.R.App.P. 24(a). Johnson failed to file a motion and affidavit within thirty days of the district court's denial of pauper status. Therefore, Johnson is precluded from claiming eligibility to proceed in forma pauperis on appeal.
 
 
 26
 Title 28, Sec. 753(f) provides, in relevant part,
 
 
 27
 Fees for transcripts furnished in other proceedings[3] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).
 
 
 28
 28 U.S.C. Sec. 753(f). As the language of the statute makes clear, pauper status is a prerequisite to a grant of free transcripts. See Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967) ("Before a free transcript can be furnished, then, the appeal must be permitted in forma pauperis."), cert. denied, 396 U.S. 1030 (1970). For the reason discussed, Johnson will not be permitted to proceed in forma pauperis. Therefore, Johnson is not entitled to free transcripts under Sec. 753(f).
 
 
 29
 Johnson was required to provide this court with the portions of the record necessary to prosecute the appeal. He has failed to do so, and has further wholly failed to do that which the Rules clearly require in order to permit him to obtain those portions of the record without cost to himself. Accordingly, we hold that appeal no. 93-5367 should be dismissed.
 
 III
 
 30
 Based on the foregoing, we DISMISS appeal no. 93-5018 for lack of jurisdiction; we DENY Johnson's motions for pauper status and free transcripts; and we DISMISS appeal no. 93-5367 for failure to provide the record on appeal as required by Fed.R.App.P. 10(b)(2). See Fed.R.App.P. 3(a).
 
 
 
 [1]
 Congress amended Rule 4(a)(4) in 1993 to mitigate the harsh results sometimes occasioned by the rule. Those amendments are inapplicable to this case because all relevant motions were filed before the amendments' effective date of December 1, 1993. See Fed.R.App.P. 4(a)(4) (1993 amendments)
 
 
 [2]
 This case pointedly highlights the problems which may arise when pleadings are accepted for filing in chambers. Civil Procedure Rule 5(e) requires the judge to note the date on all papers filed in chambers and transmit the papers to the office of the clerk of court. In this case, the district judge neglected to make such notation on Johnson's motion to alter or amend and delayed approximately five months in transmitting the motion to the clerk of court. Failure to record the filing date and promptly deliver the filing to the clerk of court creates ambiguity in the docket and confusion on the part of the litigating parties
 
 
 [3]
 The preceding sentences provide for free transcripts in direct criminal appeals and habeas corpus proceedings. See 28 U.S.C. Sec. 753(f)