UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50861

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff,

VIOLA COLEMAN, M.D.; PREMIUM BASIN LEAGUE
OF UNITED LATIN AMERICAN CITIZENS, COUNCIL
#4434; MIDLAND LEAGUE OF UNITED LATIN
AMERICAN CITIZENS, COUNCIL #4386,

                                    Intervenor Plaintiff-Appellants,

versus

MIDLAND INDEPENDENT SCHOOL DISTRICT,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(MO-70-CV-67)
_____
August 12, 2002

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges:

PER CURIAM:[*]

In this 31-year old school desegregation case, the Intervenors ask us to reverse the district court's rulings dismissing desegregation orders against Defendant-Appellee Midland Independent School District ("MISD"), adopting a settlement agreement between MISD and plaintiff United States of America ("DOJ"), and denying attorneys' fees to the Intervenors.  We affirm.

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In addition to contending that the district court abused its discretion in denying attorneys' fees, the Intervenors assert abuse of discretion in the court's failure to hold an evidentiary hearing in 2001 prior to dismissing the areas of MISD's operation that remained under federal supervision and in approving the Consent Order and Settlement in 1998 between MISD and DOJ over the Intervenors' objections. They also advance clear error in the facts found when the district court dismissed the remaining five areas under supervision based only on the terms of the 1998 Consent Order and Settlement. We briefly address each of the assertions of the Intervenors.

1. Evidentiary Hearing. We are cognizant of the venerable 3-year probationary rule under Youngblood,[1] but we are also aware that, in 1987, we adopted the First Circuit's incremental approach.[2] This method was approved by the Supreme Court in 1992.[3] The district court implicitly followed the incremental method in the instant case, developing an intimate knowledge of the school district's operations in the process and attaining the same substantive goals achievable by using the Youngblood procedures.

---

[1]    Youngblood v. Board of Public Instruction of Bay County, 448 F.2d 770 (5th Cir. 1971).

[2]    Overton v. Texas Ed. Agency, 834 F.2d 1171, 1177 (5th Cir. 1987)("Unitary status can be achieved in an incremental fashion.")(citing Morgan v. Nucci, 831 F.2d 313 (1st Cir. 1987)). We explained further in Flax v. Potts, 915 F.2d 115, 159 (5th Cir. 1990), that when employing the incremental method, "the court will abdicate its supervisory role as to the aspect of the desegregation plan proclaimed unitary."

[3]    Freeman v. Pitts, 503 U.S. 467, 489 (1992).

In the course of its dealings, the district court conducted evidentiary hearings on at least two occasions.

We are satisfied that the district court had the experience and incrementally developed record needed to evaluate the objections of the Intervenors and to determine whether the substantive results secured by the Youngblood procedure had been achieved in this case, albeit incrementally. We agree that, in light of the record and the years since the latest agreement and the concurring positions of the DOJ and MISD, there was no abuse of discretion in failing to hold yet another hearing.

2. Factual Findings. We have reviewed the factual findings underlying the 2001 dismissal and perceive no clear error. The Intervenors mischaracterized the attention given by the district court, mischaracterized, at least in part, the record of the hearings held between 1994 and 2001, and failed to direct us to any record evidence indicating how the district court might have clearly erred in the factual determination that MISD had met its obligations in the last five years remaining under supervision, as identified in the settlement agreement. Generalized, bald allegations of error and unsubstantiated allegations of lack of good faith will not suffice. The claims of factual error are unavailing.

3. 1998 Consent Order and Settlement. Even though abuse of discretion is the appropriate standard, the Intervenors assert clear error in the district court's disposition of their claims and adjudication of their rights, given the settlement agreement

between the two partes.  The Intervenors also allege clear error in the court's acceptance of the settlement agreement with the evidence required for dismissal as to whether MISD had complied with the settlement agreement between the only direct parties in the litigation.  The 1998 Consent Order and Settlement simply represented another procedural step in the district court's incremental dismissal of this desegregation case.  The Intervenors have failed to advance any viable basis for reversing the district court's order and have identified no factor left undecided by the 1998 settlement; neither have they identified any evidence that was ignored by the district court in its approval of that settlement.  If, however, the 1998 agreement was literally that, then it was a final order and the Intervenors' appeal was untimely.  Either way, the Intervenors' position on the findings cannot prevail.

4. Attorneys' Fees.  Under 42 U.S.C. § 1998(b) "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee."  We review the district court's award of attorneys' fees for abuse of discretion.[4]

Despite the prevailing party standard, the Intervenors insist that they are entitled to seek attorneys' fees for their monitoring services, that the considerations of such entitlement are different from those for determining prevailing party status when an agreed order has been entered, and that the district court erred in making no findings on their entitlement to fees.  Despite having

---

[4]    Volk v. Gonzalez, 262 F.3d 528 (5th Cir. 2001)(citing Hopwood v. Texas, 236 F.3d 256, 277 (5th Cir. 2000)).

4

cherrypicked a single step in the overall analysis we performed in Walker[5] to support their argument, Intervenors are incorrect in their contention that there is some form of <u>entitlement</u> analysis distinct from the <u>prevailing party</u> analysis of § 1988. We are satisfied that there is no statutory language, legislative history, or case law indicating an entitlement analysis separate from the prevailing party analysis of § 1988(b).

Earlier in the lengthy history of this case, Intervenors did achieve prevailing party status and were awarded attorneys' fees for it. The period for which fees are now sought, however, saw no prevailing by the Intervenors — at least nothing that would rise to the level of abuse of discretion by the district court in finding none. In fact, Intervenors failed to prevail in any of their repeated objections following their refusal to sign the settlement agreement in 1998. In sum, the Intervenors have failed to show in what way, if any, the district court abused its discretion in determining that they should not be awarded attorneys' fees.

In conclusion, our thorough review of the pertinent portions of the record on appeal, the law as presented by the briefs of the parties, and the positions espoused by able counsel at oral argument satisfies us that the district court clearly and correctly disposed of the final chapter in this multi-decade school desegregation case. It is now ripe (if not over-ripe) for

---

[5]    <u>Walker v. U.S. Dept. of Housing & Urban Dev.</u>, 99 F.3d 761 (5th Cir. 1996).

5

finality.  For the reasons expressed by the district court, as amplified above, the judgment and all rulings of the district court appealed from by Intervenors are, in their entirety, AFFIRMED.

S:\OPINIONS\UNPUB\01\01-50861.0.wpd
4/29/04  6:50 pm

6